[No. S154242. Mar. 25, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
JESSE FEYRER, Defendant and Appellant.

## Counsel

Richard Jay Moller, under appointment by the Supreme Court, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Lawrence M. Daniels, James William Bilderback II, Lance E. Winters, Kristofer Jorstad and J. Michael Lehmann, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**GEORGE, C. J.**—Defendant Jesse Feyrer was charged with assault by means of force likely to produce great bodily injury, an offense punishable either as a felony or a misdemeanor—commonly known as a "wobbler." It also was alleged defendant personally inflicted great bodily injury upon the victim of the assault, his father. The parties negotiated a plea agreement pursuant to which defendant would plead no contest to felony assault by means of force likely to produce great bodily injury and admit the enhancement allegation of personal infliction of great bodily injury in the commission of a felony. In return, defendant would serve six months in county jail as a condition of five years' formal probation. The plea agreement did not specify whether probation would be granted by suspending imposition of defendant's sentence, or instead by suspending the execution of that sentence. The trial court approved the plea agreement, accepted defendant's plea of no contest to the charged felony and his admission of the enhancement allegation, and granted probation—by suspending the imposition of any sentence.

Three years after defendant was placed on probation, the trial court, at the request of the probation department, ordered early termination of probation and subsequently granted defendant's application to set aside his plea and dismiss the charges. The trial court declined, however, to grant defendant's request to declare his offense to be a misdemeanor, because under the express terms of the plea agreement, defendant had pleaded no contest to, and admitted an enhancement for, a felony. The Court of Appeal reversed the latter ruling. Without considering the effect of the original plea agreement, the appellate court construed the statute that governs the treatment of a wobbler offense as permitting the trial court upon termination of probation to

declare the offense to be a misdemeanor (and in effect, to annul the felony enhancement), because probation had been granted by suspending imposition of any sentence.

The plea agreement specified that defendant would not contest his commission of the charged felony and of conduct constituting an enhancement to that felony, and that the prosecutor would consent to defendant's being placed on probation. We granted review to consider the effect, if any, of the plea agreement upon the applicability in this case of the statutory provision authorizing a trial court, when probation originally was granted by suspending imposition of sentence, to subsequently declare a wobbler offense to be a misdemeanor.

As we shall explain, the plea agreement did not render inoperative the statute conferring upon the court discretionary authority to declare a wobbler offense to be a misdemeanor, where the court initially granted probation by suspending the imposition of a sentence. Accordingly, we affirm the judgment rendered by the Court of Appeal.

I

In order to ascertain the terms of the plea agreement and the underlying intent of the parties, we relate in some detail the circumstances under which defendant entered his plea. On March 15, 2002, a complaint was filed alleging that on March 13, 2002, defendant committed felony assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(1)), and that in committing this felony, he personally inflicted great bodily injury on the victim (Pen. Code, § 12022.7, subd. (a)). The latter allegation qualified the offense as a violent and serious felony under the "Three Strikes" law. (Pen. Code, §§ 667.5, subd. (c)(8), 1192.7, subd. (c)(8).)[1]

On the day the complaint was filed, the parties negotiated a plea agreement pursuant to which defendant would plead no contest to felony assault by means of force likely to produce great bodily injury and admit the allegation that he personally inflicted great bodily injury in the commission of a felony, thereby rendering him subject to a potential maximum sentence of seven years in state prison. In return, defendant would serve six months in county jail as a condition of five years' formal probation. The plea agreement did not specify the *manner* in which probation would be granted: by suspending

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

*imposition* of the sentence or by imposing sentence and suspending its *execution.*

On that same date, at the arraignment hearing, defendant waived formal reading of the complaint and recital of his constitutional rights, and stipulated the complaint would be deemed an information. Noting the abbreviated nature of the proceedings, the trial court stated: "All right. I'm willing to go along with the disposition at this time. It's an early stage in the proceedings. That's why you're probably getting the break that you're getting on this, Mr. Feyrer. [¶] So I want you to listen to the District Attorney. He's going to go through your rights with you one more time and make sure you understand the deal in your case."

The prosecutor proceeded to explain that defendant was charged with a violation of section 245, subdivision (a)(1), "a felony," with an enhancement allegation under section 12022.7, subdivision (a), for "great bodily injury," and could be sentenced to a maximum term of seven years in state prison if he "went to trial and lost." Under the plea agreement, however, defendant would be granted five years' formal probation, a condition of which was that he serve 180 days in county jail. The prosecutor advised defendant of the possible consequences of pleading guilty, obtained a waiver of defendant's constitutional rights, and received his acknowledgement that any violation of probation might result in a state prison term. The prosecutor also advised defendant, and received his acknowledgement that "this—plea in this count as well as an admission to the special allegation[,] should you be convicted of a felony in the future[,] will be used to enhance any sentence that you receive in the future," that it "will be a strike under California law," and that "you will have this one strike for any future sentencing purposes." Defendant acknowledged his signature and initials on a form that recorded his no contest plea to felony assault and his admission of the enhancement, and that specified a maximum prison sentence of four years for the aggravated assault and three years for the enhancement. The trial court suspended imposition of sentence, and placed defendant on five years' probation on conditions that included his serving 180 days in county jail.

Defendant performed well during the term of his probation. On July 21, 2005, at the request of the probation department, the trial court ordered early termination of defendant's period of probation. (§ 1203.3, subd. (a).)[2] The

---

[2] Section 1203.3, subdivision (a) provides: "The court shall have authority at any time during the term of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence. The court may at any time when the ends of justice will be subserved thereby, and when the good conduct and reform of the person so held on probation shall

trial court denied without prejudice defendant's contemporaneous requests to set aside his no contest plea and dismiss the charges, and to declare the charged offense to be a misdemeanor.

The following year, defendant renewed his application for an order setting aside his plea of no contest and dismissing the charges (§ 1203.4, subd. (a)),[3] and declaring the offense to be a misdemeanor (§ 17, subd. (b)(3)).[4] On May 17, 2006, the trial court ordered the no contest plea set aside and vacated, a plea of not guilty entered, and the complaint dismissed. The court denied, as in excess of its authority, the request to declare the offense a misdemeanor, because defendant had inflicted great bodily injury upon the victim.

Defendant appealed from the order to the extent it denied his request to declare the offense to be a misdemeanor.[5] The Court of Appeal reversed the

warrant it, terminate the period of probation, and discharge the person so held." Subdivision (b)(1)(B) provides: "As used in this section, modification of sentence shall include reducing a felony to a misdemeanor."

[3] Section 1203.4, subdivision (a) provides that a defendant who has been discharged on early termination of probation "shall" be permitted by the trial court to withdraw his or her plea of guilty or no contest and enter a plea of not guilty. The court "shall thereupon dismiss" the information and, "except as noted," the defendant "shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted . . . . However, in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed. . . ." (*Ibid.*) The dismissal "does not permit a person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction under Section 12021 [felon in possession of a firearm]." (*Ibid.*)

[4] Section 17, subdivision (a) classifies crimes according to their punishment, defining a felony as a crime "punishable with death or by imprisonment in the state prison," and a misdemeanor as every other crime except those offenses classified as an infraction. Subdivision (b) provides, as relevant here, that when a crime is punishable in the court's discretion "by imprisonment in the state prison or by . . . imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [¶] (1) After a judgment imposing punishment other than imprisonment in the state prison. [¶] . . . [¶] (3) *When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor.* [¶] (4) When the prosecuting attorney files in a court having jurisdiction over misdemeanor offenses a complaint specifying that the offense is a misdemeanor . . . ." (Italics added.) Subdivision (b) "outlines the procedural mechanisms by which a trial court may classify an offense as a misdemeanor [citation], whereas the sentencing discretion itself derives from the various charging statutes that provide alternative felony or misdemeanor punishment. (See, e.g., §§ 245, subd. (a)(1) . . . .)" (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 974, fn. 4 [60 Cal.Rptr.2d 93, 928 P.2d 1171] (*Alvarez*).)

[5] Section 1237 provides that a defendant may appeal: "(a) From a final judgment of conviction . . . . A sentence [or] an order granting probation . . . shall be deemed to be a final judgment within the meaning of this section. . . . [¶] (b) From any order made after judgment, affecting the substantial rights of the party." An order pursuant to section 1203.3 that modifies an order suspending the imposition or execution of a sentence (that is, an order granting probation) is appealable as an order following a final judgment that affects the substantial

order and remanded the case, concluding that the trial court was authorized not only to terminate probation, vacate the no contest plea, and dismiss the charges, but also in its discretion to declare the offense to be a misdemeanor. The Court of Appeal reasoned that because the trial court originally granted probation by suspending the imposition of sentence rather than imposing and suspending the execution of a sentence, "no judgment [was] then pending against the probationer, who [was] subject only to the terms and conditions of the probation." Accordingly, when in subsequent proceedings the trial court ordered early termination of defendant's probation, the court retained its discretion to declare the offense to be a misdemeanor notwithstanding defendant's admission that he had inflicted great bodily injury upon the victim. The Court of Appeal also held that when a trial court declares a wobbler to be a misdemeanor, any enhancement that is applicable solely to felonies "is simply not imposed and ceases to have any significance. (*People v. Kunkel* (1985) 176 Cal.App.3d 46, 55 [221 Cal.Rptr. 359].)"

The Attorney General petitioned for rehearing on the ground that the Court of Appeal had analyzed the issue strictly in terms of the statutory authority conferred upon the trial court to terminate the period of probation and discharge the person held, to vacate the no contest plea and dismiss the action, and to declare the offense a misdemeanor, without taking into account the negotiated plea agreement or considering the substance of defendant's no contest plea. The Court of Appeal denied the request for rehearing.[6]

---

rights of the defendant. (See *People v. Douglas* (1999) 20 Cal.4th 85, 91 [82 Cal.Rptr.2d 816, 972 P.2d 151]; *In re Bine* (1957) 47 Cal.2d 814, 817 [306 P.2d 445]; *People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1421 [72 Cal.Rptr.3d 340].) Section 1203.3 expressly defines modification of a sentence as including the reduction of a felony to a misdemeanor. (*Id.*, subd. (b)(1)(B).) Upon termination of probation, an order that denies a request pursuant to section 1203.4 for release from disabilities and penalties is appealable. (*People v. Romero* (1991) 235 Cal.App.3d 1423, 1425–1426 [1 Cal.Rptr.2d 468]; see *People v. Hawley* (1991) 228 Cal.App.3d 247, 248, fn. 2 [278 Cal.Rptr. 389]; *People v. Chandler* (1988) 203 Cal.App.3d 782, 787 [250 Cal.Rptr. 730].) An order granting relief pursuant to section 1203.4 but denying relief pursuant to section 17, subdivision (b)(3) would not be treated differently. (See *Alvarez, supra,* 14 Cal.4th at pp. 976–977.) The Attorney General has not challenged the appealability of the order denying the request to declare the offense a misdemeanor.

[6] Although the Court of Appeal, in its opinion as modified upon denial of rehearing, noted that the parties had entered into a plea agreement, the court in essence viewed the original plea disposition—in which defendant pleaded no contest to a felony assault and admitted the sentence enhancement allegation, and the trial court granted probation by suspending imposition of any sentence—as having been offered and procured by the *trial court.* A trial court may provide the defendant an "indicated sentence" if he or she pleads guilty or no contest to all charges and admits all allegations. (*People v. Turner* (2004) 34 Cal.4th 406, 419 [20 Cal.Rptr.3d 182, 99 P.3d 505].) When "the defendant pleads 'guilty to all charges . . . so all that remains is the pronouncement of judgment and sentencing' [citation], 'there is no requirement that the People consent to a guilty plea' [citation]." (*Id.* at pp. 418–419.) In contrast in the present case, it is clear from the record, quoted above, that it was the *prosecution* rather than the trial court that negotiated the plea agreement with the defense, conferring upon defendant formal felony

The Attorney General petitioned for review on the ground that defendant's plea of no contest to assault as a felony and admission of the felony enhancement allegation pursuant to a plea agreement precluded any subsequent reduction of the offense to a misdemeanor pursuant to section 17, subdivision (b)(3). We granted review and held this case pending our decision in *People v. Segura* (2008) 44 Cal.4th 921 [80 Cal.Rptr.3d 715, 188 P.3d 649] (*Segura*). (Cal. Rules of Court, rule 8.512(d)(2).) After that decision became final, we directed the parties to file briefs in order to consider the application of the holding in *Segura* to the present case.

II

A

The Attorney General contends that because defendant entered into a *plea agreement* not to contest the charge of felony assault and to admit the allegation of personal infliction of great bodily injury, in exchange for a term of probation in lieu of service of a term in state prison, neither defendant's subsequent good conduct, nor the trial court's resulting modification of the consequences of defendant's offense—by terminating probation early, vacating the no contest plea and entering a plea of not guilty, and dismissing the action—authorized the court to declare the offense to be a misdemeanor over the People's objection. The Attorney General notes that in *Segura, supra,* 44 Cal.4th 921, we held the trial court's general statutory authority to modify probation conditions pursuant to section 1203.3 did not authorize it unilaterally to alter a material term of the parties' plea agreement—one requiring the defendant to serve a year in county jail as a condition of his probation—by reducing the jail term in order to avert the defendant's deportation. (*Segura, supra,* at pp. 925, 935–936.) The Attorney General urges that the rule should not be different when a party requests the trial court to modify a material provision of the plea agreement pursuant to section 17, subdivision (b)(3) rather than section 1203.3, subdivision (a), and that accordingly the trial court properly denied defendant's request.

In response, defendant asserts that his agreement not to contest the charge of felony assault by means likely to produce great bodily injury and the allegation of infliction of great bodily injury, in exchange for a grant of probation, did nothing to alter the statutory classification of the substantive

---

probation in lieu of a prison term; this is a situation in which the trial court gave its approval to the parties' agreement rather than unilaterally negotiating a permissible agreement with defendant.

offense as a wobbler—unless and until he were to be sentenced as a felon by the trial court. According to defendant, because the court originally granted probation by suspending the *imposition* of any sentence, the court was authorized by section 17, subdivision (b)(3) in its discretion to reduce the offense to a misdemeanor in view of defendant's subsequent conduct during the period of probation. In defendant's view, had the prosecutor intended to define the permanent character and use of the offense in any future proceedings, the prosecutor would have been required to specify as a material term of the negotiated plea that probation would be granted by imposing a felony sentence and suspending the *execution* of that sentence.

The parties do not dispute that in view of defendant's good conduct on probation, the trial court properly exercised its authority to terminate defendant's probation early, to vacate defendant's no contest plea and enter a plea of not guilty, and to dismiss the charges—subject to the statutory exception that in a subsequent prosecution the conviction would not be considered to have been set aside and could be pleaded and proved. It *is* disputed whether, in view of the plea agreement, the court also properly could exercise its discretionary authority to reduce the felony to a misdemeanor.

In *Segura*, a case in which the trial court *imposed* a sentence and suspended its execution, we considered whether the requirement that the defendant serve a specified period in the county jail—an express condition of granting probation—constituted a material term of the plea agreement, and therefore was not subject to later modification by the trial court as a matter of its general statutory authority to modify probation in light of subsequent events. In the present case, it is evident that defendant's plea of no contest to an *enhanced felony* was a material term of the plea agreement. The question we consider here is the efficacy of that term of the agreement in fixing the status of the offense for all purposes, even though probation—also a material term of the plea agreement—is designed to afford (and, as granted here, otherwise would provide) the trial court with discretionary authority to reduce the offense to a misdemeanor based upon the probationer's good conduct.

■ As we explained in *Segura*, "[p]lea negotiations and agreements are an accepted and 'integral component of the criminal justice system and essential to the expeditious and fair administration of our courts.' [Citations.] Plea agreements benefit that system by promoting speed, economy, and the finality of judgments. [Citations.]" (*Segura, supra,* 44 Cal.4th at p. 929.) A plea agreement "is a tripartite agreement which requires the consent of the defendant, the People and the court." (*People v. Yu* (1983) 143 Cal.App.3d

358, 371 [191 Cal.Rptr. 859]; see *People v. Turner, supra,* 34 Cal.4th at p. 418.) "Acceptance of the agreement binds the court and the parties to the agreement." (*Segura, supra,* at p. 930.)

■ In determining whether the Attorney General is correct in asserting that defendant's request properly was declined because reduction of the offense to a misdemeanor would in effect modify a material term of the plea agreement, we commence with the applicable rules of construction. "Because a 'negotiated plea agreement is a form of contract,' it is interpreted according to general contract principles." (*Segura, supra,* 44 Cal.4th at p. 930, quoting *People v. Shelton* (2006) 37 Cal.4th 759, 767 [37 Cal.Rptr.3d 354, 125 P.3d 290] (*Shelton*).) ■ " 'The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties. (Civ. Code, § 1636.) . . .' [Citation.] 'The mutual intention to which the courts give effect is determined by objective manifestations of the parties' intent, including the words used in the agreement, as well as extrinsic evidence of such objective matters as the surrounding circumstances under which the parties negotiated or entered into the contract; the object, nature and subject matter of the contract; and the subsequent conduct of the parties. [Citations.]' " (*Shelton, supra,* at p. 767.)

In the present case it is reasonably clear the parties to the plea agreement intended to facilitate the early disposition of the case without trial, perhaps in view of the familial relationship between defendant and the victim, who was defendant's father. To that end, defendant pleaded no contest to a felony assault and admitted a fact related to its commission that would result in a prison term if a sentence were to be imposed, in exchange for defendant's being placed on five years' formal probation subject to a comparatively short term of incarceration of six months in county jail, in contemplation of the possibility of rehabilitation. It also is clear the parties intended to ensure that if defendant committed any *future* offense, his conviction for the current offense could be treated as a "strike" under the Three Strikes law.

There is no clear indication, however, that the parties also intended to provide that the felony could not be reduced to a misdemeanor under any circumstances, regardless of defendant's conduct during the period of probation. The terms of the plea agreement do not state that this is the case. Nor do the terms of that agreement abrogate the provisions of section 17, subdivision (b)(3), or other statutes applicable during (or upon the conclusion of) a successful term of probation.

■ Although the Attorney General asks that we imply such a term based upon defendant's express plea of no contest to a felony and his admission of the alleged felony enhancement, we are mindful of the rule that every term of a plea agreement should be stated on the record. (See *People v. West* (1970) 3 Cal.3d 595, 609–610 [91 Cal.Rptr. 385, 477 P.2d 409]; *People v. James* (1989) 208 Cal.App.3d 1155, 1169 [256 Cal.Rptr. 661].) Application of this rule to the present case is essential to ensure not only that defendant was not made subject to a term of which he was not made fully aware prior to giving his consent to the proposed plea, a term foreclosing any possible reduction of his offense, but also that the trial court was made aware of a term purporting to limit its sentencing authority—a restriction that if known might have caused it to refuse to accept the proposed plea agreement. Accordingly, we should not, and do not, imply such a term purporting to restrict the sentencing authority of the court.

The parties' plea agreement *did* expressly provide that defendant would be placed on formal probation—without a stipulation or qualification that this would be done only by imposing and then suspending a felony sentence. We also note that when the trial court proceeded to suspend the imposition of sentence instead of imposing and then suspending execution of sentence, there was no objection by the prosecutor.

■ In view of the parties' express agreement that defendant would be placed on formal probation, and their mutual silence concerning the *form* in which it would be granted, we briefly consider the underlying purpose and effect of a grant of probation when the underlying conviction is of a wobbler offense and the trial court proceeds without first imposing a sentence. "An integral and important part of the penological plan of California is the discretionary retention in the trial court of jurisdiction over the defendant and the cause of action against him [or her] . . . by virtue of the probation procedures." (*People v. Banks* (1959) 53 Cal.2d 370, 383 [1 Cal.Rptr. 669, 348 P.2d 102], italics omitted (*Banks*).) A verdict or plea of guilty is not a final conviction, in part because it may be nullified, "except for expressly defined purposes, when jurisdiction and control over the defendant and the cause of action have been retained in the court under the probation law (with or without pronouncement of sentence) and the probation procedures have been fully executed." (*Ibid.*)

■ When a defendant is convicted (whether by a guilty plea or a no contest plea, or at a trial) of a wobbler offense, and is granted probation without the imposition of a sentence, his or her offense is *"deemed* a felony"

unless subsequently "reduced to a misdemeanor by the sentencing court" pursuant to section 17, subdivision (b). (*People v. Statum* (2002) 28 Cal.4th 682, 685 [122 Cal.Rptr.2d 572, 50 P.3d 355], italics added; see *In re Jorge M.* (2000) 23 Cal.4th 866, 879 [98 Cal.Rptr.2d 466, 4 P.3d 297]; *Banks, supra,* 53 Cal.2d at pp. 381–382; *People v. Holzer* (1972) 25 Cal.App.3d 456, 460 [102 Cal.Rptr. 11]; *Meyer v. Superior Court* (1966) 247 Cal.App.2d 133, 137 [55 Cal.Rptr. 350] (*Meyer*); 1 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Introduction to Crimes, § 73, p. 119.)

■ A trial court that grants probation upon a defendant's conviction of a wobbler offense is assumed to have acted "with discriminating appreciation of the effect of the form of [the court's] order upon defendant's activities and status," having in mind the rule that the charge remains a felony until a contrary pronouncement of judgment occurs. (*Banks, supra,* 53 Cal.2d at p. 387.) If ultimately a misdemeanor sentence is imposed, the offense is a misdemeanor from that point on, but not retroactively: "Thus, when [the court] suspends pronouncement of sentence for an alternatively punishable offense, it is to be assumed that while [the court] did not wish to deprive the defendant of his [or her] civil rights and thereby unnecessarily hamper defendant's efforts to rehabilitate himself [or herself] (by stigmatizing him [or her] even temporarily as one against whom a judgment of conviction of felony and sentence to prison had been entered) the [court] also did not wish to classify the defendant as a mere mis[de]meanant whose offense would not be available, for example, to increase defendant's punishment if defendant should thereafter prove himself [or herself] a recidivist." (*Id.* at pp. 387–388.) When probation is granted without imposition of a sentence, a defendant remains under the jurisdiction of the court "not only in relation to his [or her] probationary status but also in relation to the character of the offense of which he [or she] has been convicted." (*Meyer, supra,* 247 Cal.App.2d at p. 136.)

■ A grant of probation is *intended* to afford the defendant an opportunity to demonstrate over the prescribed probationary term that his or her conduct has reformed to the degree that punishment for the offense may be mitigated or waived. Thus, under favorable circumstances, when punishment has not been imposed, the offense (with certain exceptions) may be reclassified or nullified. (See *Banks, supra,* 53 Cal.2d at pp. 386–388; *Meyer, supra,* 247 Cal.App.2d at pp. 139–140.) When a trial court grants probation without imposing a sentence, sections 17 and 1203.4, read together, express the legislative purpose "that an alternatively punishable offense remains a felony . . . until the statutory rehabilitation procedure has been had, at which time the defendant is restored" to his or her former legal status in society,

subject to use of the felony for limited purposes in any subsequent criminal proceeding. (*Banks, supra,* at p. 391.)

As we have discussed, the probation statutes confer upon the trial court jurisdiction and authority over a defendant during the term of probation. These statutes are intended to afford the defendant an opportunity to demonstrate his or her rehabilitation in order to obtain early termination of probation, reclassification of the offense, or dismissal of the action, and—in certain cases—all such forms of leniency. In view of the operation and purpose of probation, the parties here could not have reasonably understood a plea agreement that designated the offense as a felony, but that also provided for a grant of probation without any restriction on the form of the probation ordered, as fixing the status of the offense as a felony for all purposes and for all time. Had the prosecution sought to ensure that, regardless of defendant's subsequent conduct on probation, the offense would remain a felony, it should have expressed an understanding (subject to acceptance by the court) that probation would be granted by imposing and suspending the execution of a felony sentence or that the felony would not be subject in the future to reduction pursuant to section 17, subdivision (b)(3).

The Attorney General suggests that, as a matter of policy, the prosecutor should not be obligated to influence the manner in which probation is granted merely to foreclose the possibility that the trial court subsequently will act on its authority during probation to reclassify the offense as a misdemeanor, when the offense has been designated a felony under the parties' plea agreement. The Attorney General suggests that imposing such an obligation would reduce the flexibility of the trial court and the prosecutor in plea negotiations, because imposition and suspension of execution of a sentence would be the sole form of probation ensuring that the offense viewed by the prosecutor as a felony subsequently is treated as a felony by the court.

In offering probation in exchange for a defendant's plea of guilty or no contest, however, the prosecutor is providing the defendant with an opportunity and an incentive to alter the consequences of his or her conviction in exchange for securing the conviction itself. The fundamental feature of probation is that good conduct on the part of the probationer may invite mitigation of punishment and (in the case of a wobbler) reclassification of the offense. If there is to be any curtailment of those routinely available options, such a restriction should be made an express term of the plea agreement.

In *Segura,* we recognized that the term of the plea agreement conditioning the defendant's placement on probation upon his service of 365 days in the

county jail was an express negotiated term "integral to the granting of probation in the first place . . . ." (*Segura, supra,* 44 Cal.4th at p. 936.) By contrast, in the present case, the terms of the plea agreement conditioning defendant's placement on probation on his plea of no contest to a felony and admission of a felony enhancement allegation did not incorporate or reflect a negotiated condition purporting to restrict or deprive the court of its jurisdiction and authority to subsequently determine the ultimate character of the offense in light of defendant's success at rehabilitation—an incentive that constitutes one of the principal objectives of probation. (See *People v. Olguin* (2008) 45 Cal.4th 375, 380–381 [87 Cal.Rptr.3d 199, 198 P.3d 1].)

B

In the alternative, the Attorney General contends that because defendant pleaded no contest to a "wobbler" assault *and* admitted personally inflicting great bodily injury in the commission of a felony, in effect he pleaded no contest to a "straight felony." According to the Attorney General, section 17, subdivision (b)(3) thus would not, and did not, authorize the trial court to declare the offense to be a misdemeanor, and the court properly denied defendant's request.[7]

██ As we have noted, section 17, subdivision (b) applies solely to a crime "punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail." That statute does not confer upon the trial court the authority to reduce a straight felony to a

---

[7] Defendant contends that we should not reach this issue raised by the Attorney General, because it is not fairly included in the issue upon which we granted review. (Cal. Rules of Court, rule 8.516(b)(1); *People v. Alice* (2007) 41 Cal.4th 668, 677–678 [61 Cal.Rptr.3d 648, 161 P.3d 163]; *In re Marriage of Cornejo* (1996) 13 Cal.4th 381, 388, fn. 6 [53 Cal.Rptr.2d 81, 916 P.2d 476]; *People v. Estrada* (1995) 11 Cal.4th 568, 580 [46 Cal.Rptr.2d 586, 904 P.2d 1197].) Defendant points out that the Attorney General sought review of the question whether a trial court has the authority, over the People's objection, "to unilaterally rewrite and reduce an agreed-upon material term of a plea bargain after it has accepted the agreement." Defendant urges that the issue upon which review was granted does not encompass the potential impact that admission of a felony sentence enhancement allegation might have upon the character of the offense as a wobbler, and thus does not invoke the applicability of the statute conferring authority upon the trial court to reduce a wobbler offense to a misdemeanor.

The Attorney General responds that defendant pleaded no contest to a wobbler as a felony and admitted the truth of a factual allegation applicable to a felony, based upon the parties' mutual understanding that the conviction was and would remain a straight felony as a matter of law. The Attorney General suggests that his argument is merely an alternative argument made in support of the general contention that under the terms of the plea agreement, defendant pleaded no contest to an enhanced felony that could not subsequently be reduced to a misdemeanor pursuant to section 17, subdivision (b)(3). The nature of the assault that comprises the subject of the plea agreement, including any factual allegations, appears to be fairly encompassed within the issue whether the terms of the plea agreement restricted the court's statutory authority. Accordingly, we address the Attorney General's claim on the merits.

misdemeanor. (*People v. Mauch* (2008) 163 Cal.App.4th 669, 674–675 [77 Cal.Rptr.3d 751] (*Mauch*); *People v. Douglas* (2000) 79 Cal.App.4th 810, 813 [94 Cal.Rptr.2d 500]; *People v. Superior Court* (*Feinstein*) (1994) 29 Cal.App.4th 323, 329–330 [34 Cal.Rptr.2d 503] (*Feinstein*).) " 'Fixing the penalty for crimes is the province of the Legislature, which is in the best position to evaluate the gravity of different crimes and to make judgments among different penological approaches.' [Citation.] Phrased differently: 'The definition of crime and the determination of punishment are foremost among those matters that fall within the legislative domain.' [Citations.]" (*Mauch, supra*, 163 Cal.App.4th at p. 674.) When the Legislature has classified an offense as a felony without providing for an alternate punishment, a trial court exceeds its jurisdiction "in purporting to reduce the offense to a misdemeanor." (*Ibid.*)

Although assault by means likely to produce great bodily injury is punishable either as a felony or a misdemeanor, defendant also admitted the factual allegation that he personally inflicted great bodily injury, for which the Legislature has prescribed a felony sentence enhancement.[8] In *Feinstein*,

---

[8] That term of the plea agreement far more likely and logically reflects the prosecutor's intent to perfect the strike status of defendant's current conviction, should he reoffend in the future, than to render section 17, subdivision (b) inapplicable to the current conviction, should defendant be placed on probation by the trial court's suspending the imposition of a sentence.

In and of itself, the wobbler offense of assault by any means of force likely to produce great bodily injury (§ 245, subd. (a)(1)), when a felony sentence is imposed, does not constitute a "serious felony" (§ 1192.7, subd. (c)(8)) for purposes of the Three Strikes law, which requires that a serious felony or a violent felony (§ 667.5, subd. (c)(8)) be the basis for a prior felony conviction to be counted as a strike and on that basis to be used to increase the sentence for a current felony conviction. (§§ 667, subds. (b), (d)(1), (e), 1170.12, subds. (b)(1), (c); *People v. Rodriguez* (1998) 17 Cal.4th 253, 261–262 [70 Cal.Rptr.2d 334, 949 P.2d 31]; *People v. Glee* (2000) 82 Cal.App.4th 99, 102 [97 Cal.Rptr.2d 847]; see *People v. Delgado* (2008) 43 Cal.4th 1059, 1065 [77 Cal.Rptr.3d 259, 183 P.3d 1226].) When "the additional element of personal infliction" of great bodily injury is found present, however (*Delgado, supra*, at p. 1065), then for purposes of the Three Strikes law, the offense of assault by means of force likely to produce great bodily injury constitutes a serious felony, and a prior conviction of that offense constitutes a "prior felony conviction" (*Rodriguez, supra*, at pp. 261–262).

In requiring that a "serious felony" or a "violent felony" be the basis for a "prior felony conviction" qualifying as a strike, the Three Strikes statutes also specify that "[t]he determination of whether a prior conviction is a prior felony conviction for purposes of [the statute's relevant provisions] *shall be made upon the date of that prior conviction* and is not affected by the sentence imposed unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor." (§§ 667, subd. (d)(1), 1170.12, subd. (b)(1), italics added.) Nor is that determination affected by dispositions such as the suspension of imposition of a sentence or suspension of execution of a sentence.

In the present case, the prosecutor, by obtaining defendant's plea of no contest to the offense of assault by means of force likely to produce great bodily injury, *and* his admission of the allegation of inflicting great bodily injury, ensured that defendant's current conviction would thus qualify as a "prior felony conviction" within the meaning of the Three Strikes law, in the event defendant were to commit and suffer conviction of any felony in the future, *regardless* of

*supra,* 29 Cal.App.4th at pages 329–330, the court concluded that although false imprisonment (§ 237) is alternatively punishable as a felony or a misdemeanor and thus constitutes a wobbler offense, when an additional finding is made that the offense was "committed by violence, menace, fraud, or deceit" the statute in question prescribes a sentence to state prison, and thus with that finding the offense is a straight felony that may not be reduced to a misdemeanor in the court's discretion under section 17, subdivision (b)(3). Analogizing to *Feinstein,* the Attorney General asserts that because defendant pleaded no contest to an aggravated assault and admitted the personal infliction of great bodily injury, the offense was converted to a straight felony.[9]

The analogy is inapt. In *Feinstein, supra,* 29 Cal.App.4th 323, the court reviewed the crime of false imprisonment (§ 237, subd. (a)), which is punishable either by a fine not exceeding $1,000 or by imprisonment in county jail for not more than one year or both. The additional factual finding made in *Feinstein* was that the offense was "committed by violence, menace, fraud, or deceit," for which the *same statute,* defining a substantive offense, specifies a sentence to state prison. (29 Cal.App.4th at pp. 329–330.) In the present case, by contrast, section 245, subdivision (a), insofar as it defines the substantive offense here at issue (assault by any means of force likely to produce great bodily injury) does not specify that the additional factual

the eventual disposition of the conviction in the present case. (See, e.g., *People v. Modiri* (2006) 39 Cal.4th 481, 485–486, 489 [46 Cal.Rptr.3d 762, 139 P.3d 136] [the jury's true finding of the allegation that the defendant personally inflicted great bodily injury in the course of an assault was obtained for the purpose of making "the assault conviction a 'serious felony' for purposes of punishment in a future prosecution"]; *In re Jose H.* (2000) 77 Cal.App.4th 1090, 1096 [92 Cal.Rptr.2d 228] [in sustaining current charges of battery with serious bodily injury, the juvenile court could not (and did not) impose a separate sentence based upon an enhancement for inflicting great bodily injury, but properly denied a defense motion to strike the enhancement, which was alleged to " 'qualify and perfect the offense for treatment as a "strike" in the future' "].)

[9] Ordinarily, section 1192.7 prohibits plea negotiation in any case in which the indictment or information charges a serious felony (such as assault by any means likely to produce great bodily injury with personal infliction of great bodily injury (*id.,* subd. (c)(8)), unless the evidence is insufficient to prove the prosecution's case, the "testimony of a material witness cannot be obtained, or a reduction or dismissal would not result in a substantial change in sentence" (*id.,* subd. (a)(2)). Similarly, section 1203, subdivision (e)(3) ordinarily precludes granting probation to any person who willfully inflicted great bodily injury in committing the crime of which he or she has been convicted, "[e]xcept in unusual cases where the interests of justice would best be served if the person is granted probation . . . ." (See also *id.,* subd. (f).)

Nonetheless, defendant's conviction of assault by means likely to produce great bodily injury, enhanced by his personal infliction of great bodily injury, was the product of a plea agreement that included a grant of probation. It may be inferred from defendant's familial relationship with the victim (defendant's father) that the prosecutor, viewing this as an unusual case, negotiated the plea because of a perceived deficiency in the available evidence or difficulty in obtaining the victim's testimony, and offered to accept a grant of probation for reasons related to the family relationship.

finding of actual personal infliction of great bodily injury, if made, will cause the offense to be punished by a sentence to state prison.[10]

■■■ As we explained above, a trial court may not reduce to a misdemeanor an offense that has been determined by the Legislature to be a straight felony. (*Mauch, supra,* 163 Cal.App.4th at p. 674.) Nor may the trial court effectively "felonize" a crime designated by the Legislature as a wobbler, by declining to apply section 17, subdivision (b)(3) solely because an additional factual finding related to sentencing is present. (See *People v. Kunkel, supra,* 176 Cal.App.3d at pp. 54–55.)[11] But as we have seen, section 17, subdivision (b)(3) authorizes a trial court to reduce a wobbler offense from a felony to a misdemeanor and thus enable a defendant to avoid many—but not all—of the consequences of his or her conviction, notwithstanding vacation of the plea and dismissal of the charges pursuant to section 1203.4. It is evident that the court's reduction of such an offense will not alter the status of the offense as a prior felony conviction for purposes of the Three Strikes law (see, *ante,* fn. 8) in the event the defendant were to commit a felony offense in the future. In the present case, this consequence was noted specifically by the prosecutor in entering into the plea agreement and clearly was within the contemplation of the parties.

■■■ Because the statute setting forth defendant's substantive offense does not prescribe a state prison sentence whenever the additional factual allegation (here in the form of a separate punishment enhancement) has been established, defendant's admission of that allegation did not automatically convert his offense to a straight felony. Accordingly, defendant's offense remained within the class of offenses that are subject to reduction upon the occurrence of various events specified in section 17.

---

[10] By comparison, the Legislature specified in section 245, subdivision (c) that "[a]ny person who commits an assault . . . by any means likely to produce great bodily injury upon the person of a peace officer or firefighter" with actual or imputed knowledge the victim is a peace officer or firefighter engaged in the performance of his or her duties "shall be punished by imprisonment in the state prison for three, four, or five years." It is clear that, had the Legislature intended the offense of assault by means of force likely to produce great bodily injury, when accompanied by actual infliction of great bodily injury, to be a felony in all cases, the Legislature would have designated such conduct as a substantive offense punishable solely as a felony, as it did in the form of the type of assault described in subdivision (c).

[11] The circumstance that a defendant has admitted an enhancement allegation that would apply solely to a felony sentence has not been understood to automatically eliminate the trial court's authority to reduce the underlying wobbler conviction to a misdemeanor. (See *Alvarez, supra,* 14 Cal.4th at pp. 974–980 [approving the court's reduction of a wobbler conviction (after jury verdict), despite the defendant's admission of an allegation he had suffered four prior felony convictions within the meaning of the Three Strikes law]; *People v. Trausch* (1995) 36 Cal.App.4th 1239, 1243–1247 [42 Cal.Rptr.2d 836] [same, in the context of a guilty plea to a wobbler offense].) Thus, in the present case, upon reduction of defendant's offense to a misdemeanor, the admitted enhancement allegation had significance only for future purposes of the Three Strikes law and not for the present offense.

## III

The judgment of the Court of Appeal is affirmed.

Kennard, J., Baxter, J., Werdegar, J., Chin, J., Moreno, J., and Corrigan, J., concurred.