Filed 5/19/16  P. v. Brooks CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAY CURTIS BROOKS,<br><br>    Defendant and Appellant. | B269307<br><br>(Los Angeles County<br>Super. Ct. No. TA019698) |

THE COURT:[*]

Defendant and appellant Jay Curtis Brooks (defendant) appeals from the order denying his petition for resentencing under the provisions of Proposition 47 which reduce some felony offenses to misdemeanors.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On February 29, 2016, we notified defendant of his counsel's brief and gave him leave to file his own brief or letter stating any grounds or argument he might wish to have considered.  Defendant submitted a supplemental brief which we have reviewed in addition to the entire record, and finding no arguable issues, we affirm the order.

In 1992, defendant was convicted of second degree robbery in violation of Penal Code section 211, after he pled guilty to the charge.[1]  The trial court suspended

---

[*]    ASHMANN-GERST, Acting P.J., CHAVEZ, J., HOFFSTADT, J.

imposition of sentence, placed defendant on probation for three years, and ordered him to complete a six-month drug rehabilitation program. In August 2015, defendant filed an application pursuant to Proposition 47 to have his felony conviction reclassified as a misdemeanor. The People opposed the application on the ground that a robbery conviction made him ineligible for Proposition 47 relief. Both defendant and the prosecutor waived appearances, and the trial court considered the petition in chambers on October 21, 2015. The court denied the petition upon finding that section 211 was not a qualifying offense under section 1170.18, subdivision (a).[2] Defendant filed a timely notice of appeal from the court's order.

In his supplemental brief, defendant contends that second degree robbery is a "wobbler," punishable as a misdemeanor in the discretion of the trial court, under section 17, subdivision (b). In the alternative, defendant contends that his conviction should be treated as a wobbler because his initial sentence was probation and jail confinement. A wobbler is a "crime . . . punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, or by fine or imprisonment in the county jail . . . ." (§ 17, subd. (b).) "Robbery of the second degree is punishable by imprisonment in the state prison for two, three, or five years." (§ 213, subd. (a)(1)(B)(2).) As second degree robbery is punishable only as a felony, it is not a wobbler, and it cannot become a wobbler, as the statute does not confer discretion to treat it as a misdemeanor. (See § 17, subd. (a).) Moreover, a true wobbler becomes a misdemeanor only if the sentencing court so declares at the time probation is granted or later when judgment is pronounced, upon imposition of misdemeanor sentence. (*People v. Feyrer (*2010) 48 Cal.4th 426, 438-439; § 17, subd.

---

[1]     All further statutory references are to the Penal Code, unless otherwise indicated.

[2]     Section 1170.18, subdivision (a), which was enacted by Proposition 47, lists the offenses eligible for reduction to a misdemeanor, as follows: "Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." Section 211 is not among them.

2

(b)(1)-(3); see *People v. Park* (2013) 56 Cal.4th 782, 789 & fn. 4.)  Confinement in the county jail as a condition of probation is not a misdemeanor sentence.  (*People v. Livingston* (1970) 4 Cal.App.3d 251, 254-255.)  Thus, even if we were to assume that the trial court had statutory authority to treat defendant's second degree robbery conviction as a misdemeanor, it did not do so.

We have examined the entire record and are satisfied that defendant's appellate counsel has fully complied with her responsibilities and that no arguable issue exists.  We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.