Filed 9/19/16  P. v.Amezquita CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H042748 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. Nos. SS122403A, SS142420A) |
| v. | |
| JUAN AMEZQUITA, | |
| Defendant and Appellant. | |

## I.  INTRODUCTION

In case No. SS122403A, defendant Juan Amezquita pleaded guilty to attempted grand theft (Pen. Code, §§ 664, 487, subd. (a))[1] and was placed on probation.  In case No. SS142420A, defendant pleaded no contest to child endangerment and admitted that he had personally inflicted great bodily injury upon a child under the age of five years (§§ 273a, subd. (a), 12022.7, subd. (d)).  Based on his no contest plea, defendant admitted violating probation in the attempted grand theft case.

In the child endangerment case, the trial court sentenced defendant to nine years in prison.  For the probation violation in the attempted grand theft case, the trial court denied defendant's request to reduce the offense to a misdemeanor based on his plea agreement, and sentenced him to one year, to be served concurrent with the sentence in the child endangerment case.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

On appeal, defendant's appointed counsel initially filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) that stated the case and facts, but raised no issue. We notified defendant of his right to submit written argument on his own behalf within 30 days. That period elapsed and we received no response from defendant.

This court requested supplemental briefing regarding defendant's plea agreement in the attempted grand theft case. For reasons that we will explain, we determine that defendant's attempted grand theft conviction should have been reduced to a misdemeanor pursuant to defendant's plea agreement, and that resentencing is required. In the child endangerment case, we will affirm the judgment but order that the abstract of judgment be corrected.

## II. BACKGROUND

### A. *The Attempted Grand Theft Case, No. SS122403A*

In 2012, police officers responded to a report of a disturbance while defendant was being chased down a street by another male.[2] Officers talked to defendant and the other male, who was determined to be the victim. Defendant admitted to officers that he had planned to enter the victim's apartment two days earlier, but he got scared and left after breaking a window at the apartment. Defendant returned to the apartment two days later with the intent to break into the apartment. He knocked on the windows and was confronted and chased by the victim.

Defendant was charged by complaint in case No. SS122403A with two counts of attempted residential burglary (§§ 664, 459; counts 1 & 2) and one count of misdemeanor vandalism (§ 594, subd. (b)(2)(a); count 3). At a hearing in 2013, the complaint was amended to add a count for attempted grand theft (§§ 664, 487, subd. (a)). Defense counsel stated that, based on the amendment, defendant was "prepared to enter a plea of

---

[2] As defendant was convicted by plea, the facts of defendant's offense are taken from the probation officer's report, which was based on a Salinas police report.

guilty to that count for a grant of felony probation. [¶] The terms of this agreement are that if [defendant] is successful on a one-year felony probation, the case will be reduced to a misdemeanor." Defendant also executed a written plea agreement in which he stated that he was pleading guilty to sections 664 and 487 "for a grant of felony probation with a reduction to a misd[emeanor] w[ith] 1 year of no violations of probation." At the hearing, defendant pleaded guilty to attempted grand theft (§§ 664, 487, subd. (a)).

In a January 2013 probation officer's report, the probation officer summarized defendant's plea agreement. According to the probation officer, defendant pleaded guilty to a felony "on the condition that he receives Felony Probation. After completing 12 months of probation successfully [defendant] may petition to have the matter reduced to a misdemeanor."

On February 6, 2013, the trial court suspended imposition of sentence and placed defendant on probation for three years.

**B.** *The Child Endangerment Case, No. SS142420A*

In September 2014, defendant brought his four-month-old baby to a hospital emergency room.[3] The baby had diffuse brain swelling and had stopped breathing at some point, such that the baby did not receive any oxygen to the brain for a long period of time. The baby also had bruises and scrapes all over the body, bite marks on the neck and elbow, and rib fractures. For a period of time leading up to the hospital admission, defendant had been taking care of the baby and a two-year-old child while the mother worked. In conducting an investigation, the police saw pictures or videos of the baby from June, July, and August 2014 showing bruises and bite marks on the baby.

Defendant was charged by complaint in case No. SS142420A. In an information filed in January 2015, defendant was charged with four counts of child endangerment

---

[3] As defendant was convicted by plea, the facts of defendant's offense are taken from the probation officer's report, which was based on a Salinas police report.

(§ 273a, subd. (a)). The crime charged in count 1 allegedly occurred on or about September 17, 2014. The information further alleged that in the commission of count 1, defendant personally inflicted great bodily injury upon a child under the age of five years (§ 12022.7, subd. (d)). In the earlier attempted grand theft case, a petition and notice of violation of probation was filed, alleging that defendant had violated his probation by committing new offenses.

In June 2015, in the child endangerment case, defendant pleaded no contest to count 1 and admitted the great bodily injury enhancement. He entered his plea and admission with the understanding that the maximum sentence he would receive was "a range between felony probation or ten years" in prison, and that he would be admitting a violation of probation in the first case. In a written waiver of rights and plea agreement in the child endangerment case, defendant agreed to waive all rights regarding writs and appeals.

## C. *The Sentencing Hearing Involving Both Cases*

Prior to the sentencing hearing, defendant filed a statement in mitigation. Defendant requested in the child endangerment case that the trial court suspend execution of a six-year prison sentence and grant probation. In the attempted grand theft case, in which defendant was being sentenced for a probation violation based on his commission of the child endangerment offense, defendant observed that, "[a]ccording to the Pre-sentence Investigation Report dated January 28, 2013, . . . [he] pled to an attempted grand theft with one condition being that after one year of successful probation, he could petition the court for a reduction of the charge to a misdemeanor." Defendant requested that the court "consider reducing that charge to a misdemeanor pursuant to the agreement" because "he was able to successfully complete a year of probation with no violations."

The sentencing hearing was held on August 26, 2015. In the child endangerment case, No. SS142420A, the trial court sentenced defendant to nine years in prison. The

4

sentence consists of the middle term of four years for child endangerment (§ 273a, subd. (a))[4] and a consecutive five-year term for the great bodily injury enhancement (§ 12022.7, subd. (d)). Defendant was granted 394 days of custody credits, consisting of 343 actual days plus conduct credit that was limited to 15 percent, or 51 days. (See §§ 2933.1, subds. (a) & (c), 667.5, subd. (c)(8).)[5] The court also ordered defendant to pay various amounts. The remaining counts were dismissed.

In the attempted grand theft case, No. SS122403A, the trial court denied defendant's request to reduce the offense to a misdemeanor. The court imposed the middle term of one year, to be served concurrent with the sentence in the child endangerment case. The court granted defendant 731 days of custody credits. The court lifted the stay on a previously imposed probation revocation restitution fine. The court also imposed a suspended parole revocation restitution fine.

**D.** *This Appeal*

On September 4, 2015, defendant filed a notice of appeal in the child endangerment case. On October 13, 2015, defendant filed a "supplemental" notice of appeal in the child endangerment and the attempted grand theft cases. In the notice, defendant indicated that the appeal was based on the sentence or other matters occurring after the plea that did not affect the validity of the plea.

While the appeal was pending, and upon appointed counsel's request, the trial court amended the abstract of judgment on May 10, 2016 to reflect that certain amounts that defendant was ordered to pay were satisfied by his excess custody credits.

---

[4] The abstract of judgment incorrectly reflects that defendant was sentenced to the lower term for the child endangerment count (§ 273a, subd. (a)). We will order the abstract corrected accordingly.

[5] The abstract of judgment incorrectly reflects that defendant was granted 51 days of local conduct credit pursuant to section 2933 rather than section 2933.1. We will order the abstract corrected accordingly.

# III. DISCUSSION

After reviewing the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, we requested supplemental briefing regarding the following issues in the attempted grand theft case: (1) did the trial court err in denying defendant's request to reduce the attempted grand theft to a misdemeanor, in view of the terms of defendant's plea bargain, and (2) if the trial court erred, what is the appropriate remedy.

In his supplemental brief, defendant contends that the trial court erred in refusing to reduce his attempted grand theft conviction to a misdemeanor after he had completed a year of probation without a violation. According to defendant, the appropriate remedy is to remand the matter and require the trial court "to enforce the plea agreement."

The Attorney General disagrees on both points. The Attorney General contends that defendant was not entitled to an automatic reduction of his attempted grand theft conviction to a misdemeanor in the event that he had no probation violation during the first year of his probation. Rather, the court had discretion to determine whether it was appropriate to reduce defendant's conviction to a misdemeanor. According to the Attorney General, the court properly denied defendant's request because his "conduct on probation (abusing his [child]) did not justify reducing [his] offense to a misdemeanor and showed that he still presented a danger to society." The Attorney General also argues that, to the extent the court erred, the appropriate remedy is to remand the matter and have the court "hold a full hearing . . . to determine if [defendant] is entitled to have his attempted grand theft offense reduced to a misdemeanor."

"[T]he process of plea negotiation 'contemplates an agreement negotiated by the People and the defendant and approved by the court. [Citations.]" (*People v. Segura* (2008) 44 Cal.4th 921, 929-930.) "Because a 'negotiated plea agreement is a form of contract,' it is interpreted according to general contract principles. [Citations.]" (*Id.* at p. 930.) " ' "The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties. [Citation.] . . ." [Citation.] "The mutual intention to

which the courts give effect is determined by objective manifestations of the parties' intent, including the words used in the agreement, as well as extrinsic evidence of such objective matters as the surrounding circumstances under which the parties negotiated or entered into the contract; the object, nature and subject matter of the contract; and the subsequent conduct of the parties. [Citations.]" ' [Citation.]" (*People v. Feyrer* (2010) 48 Cal.4th 426, 437 (*Feyrer*).)

"[E]very term of a plea agreement should be stated on the record. [Citations.]" (*Feyrer*, *supra*, 48 Cal.4th at p. 438.) At the same time, a term purporting to restrict the sentencing authority of the court will not be implied. (*Ibid.*) In particular, the California Supreme Court has cautioned as follows when a plea agreement involves probation: "The fundamental feature of probation is that good conduct on the part of the probationer may invite mitigation of punishment and (in the case of a wobbler) reclassification of the offense. If there is to be any curtailment of those routinely available options, such a restriction should be made an express term of the plea agreement." (*Id.* at p. 440.)

In this case, the plea agreement provided that defendant's attempted grand theft would be reduced to a misdemeanor if he completed one year of probation without a probation violation. Specifically, defense counsel stated at the change-of-plea hearing that the terms of defendant's plea agreement included that "if [defendant] is successful on a one-year felony probation, the case *will* be reduced to a misdemeanor." (Italics added.) Defendant's written plea agreement similarly provided that he was pleading guilty "*for* a grant of felony probation *with* a reduction to a misd[emeanor] *w*[*ith*] 1 year of no violations of probation." (Italics added.) Nothing in the record indicates that the reduction of defendant's offense was conditioned on any requirement other than his successful completion of one year of probation, or that the trial court otherwise retained discretion to refuse to reduce the offense to a misdemeanor even if defendant successfully completed one year of probation. Indeed, a court ordinarily has discretion to reduce a wobbler offense to a misdemeanor upon application by the defendant after probation has

7

been granted, regardless of whether the parties have entered into a plea agreement. (See *Feyrer*, *supra*, 48 Cal.4th at p. 438-440; *People v. Tran* (2015) 242 Cal.App.4th 877, 887-888, 891-892.) If the court in the instant case had continued to retain the same discretion under the plea agreement, it is not clear why the parties would have included a term in the plea agreement regarding the reduction to a misdemeanor upon completion of one year of probation with no probation violation. In view of the language of defendant's plea agreement setting forth the circumstance under which his offense would be reduced to a misdemeanor, that is, completion of one year of probation without a probation violation, we determine that defendant was entitled to have the attempted grand theft conviction reduced to a misdemeanor upon satisfaction of this term of the plea agreement.

We observe that the January 2013 probation officer's report, which was prepared for the initial sentencing hearing on defendant's conviction for attempted grand theft, states that defendant pleaded guilty "on the condition that he receives Felony Probation. After completing 12 months of probation successfully [defendant] *may petition* to have the matter reduced to a misdemeanor." (Italics added.) To the extent the probation officer meant that the offense would not automatically be reduced to a misdemeanor, and that defendant had to bring the matter to the court's attention by way of a petition, this statement by the probation officer is not inconsistent with the record of the plea agreement, which does not expressly address the procedure by which the offense would be reduced. However, to the extent the probation officer meant that the court had the discretion to deny relief, nothing in the record supports this interpretation of the parties' plea agreement.

The Attorney General relies on defendant's August 2015 statement in mitigation to argue that the trial court had the discretion to deny relief. Defendant's statement in mitigation was prepared for the combined sentencing hearing in the child endangerment case and the probation violation in the attempted grand theft case. In the statement,

8

defense counsel refers to the terms of defendant's plea agreement as allowing him to "petition the court for a reduction" of the attempted grand theft to a misdemeanor. This statement in mitigation was authored by a different defense counsel than the one who had appeared at defendant's change-of-plea hearing more than two years earlier when the plea agreement was entered, and it does not appear that this later counsel was familiar with the actual terms of the plea agreement. This later counsel who authored the statement in mitigation indicated that his description of the terms of defendant's plea agreement was "[a]ccording to" the January 2013 probation officer's report. As we have explained, however, the January 2013 probation officer's report does not accurately reflect defendant's plea agreement to the extent the probation officer's report is construed as allowing the trial court the discretion to refuse to reduce defendant's attempted grand theft to a misdemeanor after defendant successfully completed one year of probation. (We similarly observe that the judge who denied defendant's request to reduce his offense to a misdemeanor was not the same judge who had approved defendant's plea agreement more than two years earlier, and therefore may not have been familiar with the precise terms of defendant's plea agreement.)

In arguing that the trial court had the discretion to deny relief regarding a reduction to a misdemeanor, the Attorney General also contends that "[t]his is evidenced by the fact that the court still had the authority to sentence [defendant] to 18 months—a sentence that could be imposed only for a felony—in the event [defendant] violated his probation."

We are not persuaded by the Attorney General's argument. At the change-of-plea hearing, after defense counsel had orally stated the terms of the plea agreement, the trial court advised defendant of the consequences of his plea, including that if he violated probation after being placed on "felony probation" he "could be sentenced to a commitment of 18 months in jail." The Attorney General fails to persuasively articulate why the court's authority to impose an 18-month sentence for violation of felony

9

probation means that the plea agreement provided for a reduction of the conviction to a misdemeanor only upon the court's *exercise of discretion*, rather than a reduction of the conviction being *required* upon defendant's successful completion of one year of probation.

In sum, we determine that defendant's plea agreement required the reduction of his attempted grand theft conviction to a misdemeanor upon successful completion of one year of probation. Because there is no dispute that defendant successfully completed one year of probation, the trial court should have reduced defendant's conviction to a misdemeanor.

"The usual remedies for violation of a plea bargain are to allow defendant to withdraw the plea and go to trial on the original charges, or to specifically enforce the plea bargain. Courts find withdrawal of the plea to be the appropriate remedy when specifically enforcing the bargain would have limited the judge's sentencing discretion in light of the development of additional information or changed circumstances between acceptance of the plea and sentencing. Specific enforcement is appropriate when it will implement the reasonable expectations of the parties without binding the trial judge to a disposition that he or she considers unsuitable under all the circumstances." (*People v. Mancheno* (1982) 32 Cal.3d 855, 860-861.)

In this case, we believe that specific performance is the appropriate remedy. First, specific performance will fulfill the reasonable expectations of the parties. As we have explained, the parties clearly intended by the plea agreement that defendant's attempted grand theft conviction would be reduced to a misdemeanor upon defendant completing one year of probation without any probation violation. There is no dispute that defendant fully performed his part of the bargain by pleading guilty and then completing one year of probation without any probation violation. Second, the trial court approved the plea agreement at the change-of-plea hearing, and it did not withdraw its approval at the sentencing hearing in which defendant was placed on probation. In other words, the

10

court considered the plea agreement suitable at the time it placed defendant on probation for the attempted grand theft.  We will therefore direct the court to reduce defendant's attempted grand theft conviction to a misdemeanor and to resentence defendant.

Having carefully reviewed the entire record, we conclude that there are no arguable issues on appeal other than the corrections of the clerical errors on the abstract of judgment and those issues we identified in our request for supplemental briefing. (*Wende*, *supra*, 25 Cal.3d at pp. 441-443.)

## IV.  DISPOSITION

In case No. SS122403A, the August 26, 2015 order is reversed.  The matter is remanded to the trial court with directions (1) to vacate the order denying defendant's petition to reduce the attempted grand theft conviction (Pen. Code, §§ 664, 487, subd. (a)) to a misdemeanor pursuant to the plea agreement and to enter a new order granting the petition, and (2) to resentence defendant.

In case No. SS142420A, the judgment is affirmed.  The abstract of judgment is ordered corrected to reflect that (1) the sentence imposed on count 1 (Pen. Code, § 273a, subd. (a)) is the middle term, and (2) the grant of 51 days of conduct credit was pursuant to Penal Code section 2933.1.

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:


_____
ELIA, ACTING P.J.




_____
MIHARA, J.