Filed 9/2/16  P. v. Gomez CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B268916 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA090941) |
| v. | |
| JUAN FRANCISCO GOMEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael A. Cowell, Judge.  Affirmed.

Marvin E. Vallejo for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, David A. Wildman, Deputy Attorney General, for Plaintiff and Respondent.

_____

Juan Francisco Gomez appeals from an order denying his motion pursuant to Penal Code section 17, subdivision (b)(3),[1] to reduce his 2005 felony conviction for assault by means of force likely to produce great bodily injury (former § 245, subd. (a)(1)) to a misdemeanor. We hold the appellate record does not show that the trial court abused its discretion, and accordingly affirm the order.

Gomez was charged in 2005 with assault with a deadly weapon or by means of force likely to produce great bodily injury, as defined in former section 245, subdivision (a)(1). He was charged in a second count with misdemeanor vandalism, a violation of section 594, subdivision (a). Prior to a felony preliminary hearing, Gomez entered a plea of no contest to felony assault by means of force likely to produce great bodily injury.[2] The vandalism charge was dismissed. Gomez was placed on felony probation for three years, conditioned on service of 90 days in county jail and various additional terms and conditions.

On November 6, 2015, Gomez filed a motion to reduce the conviction to a misdemeanor under section 17, subdivision (b)(3). According to Gomez's declaration in support of the motion, he is not a United States citizen but is a lawful permanent resident. His country of origin is El Salvador. He stated that in the underlying case he had "an altercation" with the complaining witness, in which he struck the victim's vehicle several times with a metal pipe, but he did not direct his attack at the victim personally and the victim was not injured. He entered his no contest plea in return for a grant of probation. Gomez successfully completed probation. In 2014, Gomez was detained by Customs and Border Protection at Los Angeles International Airport as he returned from a trip to El Salvador. He was denied admission, but allowed to remain in the United States while subject to removal proceedings. If his felony were reduced to a misdemeanor he would be able to apply for a waiver of inadmissibility.

_____

[1] Statutory references are to the Penal Code unless otherwise indicated.

[2] According to the minute order relating to Gomez's no contest plea, he was advised of the potential immigration consequences resulting from a conviction.

The motion was also supported by a declaration from counsel for Gomez, who detailed his experience handling immigration and criminal cases. Counsel explained that if Gomez's conviction were reduced to a misdemeanor Gomez would be eligible for relief from deportation under the petty offense exception in 8 U.S.C. § 1182(a)(2)(A)(ii)(II). The attached memorandum of points and authorities urged that defendant be rewarded "for his good conduct for the past 10 years and to help him avoid adverse immigration consequences."

A hearing on the motion to reduce the offense to a misdemeanor was held on December 4, 2015. Counsel for Gomez submitted on the moving papers. The prosecution objected to reduction of the offense to a misdemeanor, explaining as follows:

"Despite counsel's representation that this was an incident where the defendant beat a vehicle with a metal pipe, it appears that that was the beginning of the incident. The victim was asleep inside the vehicle when he was awakened by the violent attack of the vehicle, the windshield, and the side windows by the defendant. [¶] The victim was horrified at the assault on the vehicle so he ran out of the vehicle and the defendant chased him down and beat him mercilessly and brutally with the metal pipe. [¶] We do not believe this is misdemeanor conduct and we would object to any reduction."

Counsel for Gomez responded that the offense occurred ten years earlier, Gomez completed probation, and had led a law-abiding life. A reduction to a misdemeanor would further the purposes of section 17 by recognizing that despite his criminal conduct, Gomez has thereafter complied with the law.

The court stated that it now had the file and "a transcript of the comments made by the district attorney and the judge," and the court realized that this was the second motion to reduce the conviction to a misdemeanor, and a different judicial officer had previously denied the motion without prejudice. Referring to the transcript of the earlier motion, the court stated that the prosecutor had opposed reduction because the offense was a strike as charged, but defendant was allowed to plead to a non-strike offense "given the defendant's background. [¶] But the facts remain that he struck the victim with a metal pipe. It certainly could have remained a strikeable offense."

Apparently quoting from the transcript of the earlier motion, the court stated that the previous judicial officer had indicated the need for "extraordinary information" to justify a reduction to a misdemeanor, and that new information would be considered, "but do not assume this means I will reduce it to a misdemeanor." Because no further information was supplied, the trial court denied the current motion with prejudice. The court expressed the view that the renewed motion was "simply forum shopping."

Counsel for Gomez questioned the characterization of the motion as "forum shopping," pointing out that the previous motion did not mention immigration consequences and that issue was raised for the first time in connection with the current motion. Counsel believed that seven years had passed since the first motion and new grounds were being asserted. The trial court accepted counsel's argument and struck its own comment regarding "forum shopping."

Counsel for Gomez turned to the facts of the case and the degree of injury to the victim, as well as the prosecutor's description of the beating as "mercilessly." The court declined to give weight to the prosecutor's characterization of the assault, but concluded "simply that it was done and there was a weapon used, a pipe."

The court noted that if defendant was improperly advised of the immigration consequences he could move to have his plea set aside, but the decision to reduce requires the court to "look at the nature of the offense and the appropriateness of treating this offense as a misdemeanor. It is not a misdemeanor. It should not be a misdemeanor. [¶] And I'm denying with prejudice the application under 17 (b)." Counsel for Gomez attempted to continue to argue that Gomez could only gain relief from the immigration consequences through a reduction to a misdemeanor, but the court restated its ruling that "[i]t's not a misdemeanor."

## DISCUSSION

Gomez argues the trial court abused its discretion in denying his motion to reduce

the conviction from a felony to a misdemeanor under section 17, subdivision (b)(3).[3] Gomez contends the court limited its focus to the conduct involved, but failed to take into account other relevant considerations, including that Gomez accepted responsibility for his conduct and successfully completed probation, he had no additional violations of law, and the requested relief would achieve uniformity of sentencing because not all defendants convicted of violating former section 245 are punished with deportation. Gomez emphasizes the court's refusal to consider the immigration consequences to him, as evidenced by the court's statements that a separate motion to set aside the no contest plea would be appropriate if defendant was misadvised of the immigration consequences of the plea.

**Standard of Review**

A violation of former section 245, subdivision (a)(1), is a "wobbler," meaning it may be punished as a felony or misdemeanor under section 17, subdivision (b), and in the court's discretion, a felony conviction that did not result in a state prison sentence may be reduced to a misdemeanor after completion of probation. (*People v. Tran* (2015) 242 Cal.App.4th 877, 885 (*Tran*).) "A court ha[s] broad discretion under section 17, subdivision (b) in deciding whether to reduce a wobbler offense to a misdemeanor. (*People v. Superior Court* (*Alvarez*) [(1997) 14 Cal.4th 968,] 977.) We will not disturb the court's decision on appeal unless the party attacking the decision clearly shows the decision was irrational or arbitrary. (*Ibid.*) Absent such a showing, we presume the court acted to achieve legitimate sentencing objectives. (*Id*. at pp. 977–978.)" (*People v. Sy*

---

[3] Section 17 provides in pertinent part as follows: "(b) When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [¶] . . . [¶] (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor."

(2014) 223 Cal.App.4th 44, 66.) The court may "consider the facts and circumstances of the offense in determining the appropriate sentence at the original sentencing hearing" and "in making subsequent discretionary sentencing choices," such as in ruling on a motion to reduce a conviction to a misdemeanor under section 17, subdivision (b)(3). (*Tran*, *supra*, at p. 891)

"A convicted defendant is not *entitled* to the benefits of section 17(b) as a matter of right. Rather, a reduction under section 17(b) is an act of leniency by the trial court, one that 'may be granted by the court to a seemingly deserving defendant, whereby he [or she] may escape the extreme rigors of the penalty imposed by law for the offense of which he [or she] stands convicted.' (*People v. Leach* (1937) 22 Cal.App.2d 525, 527.) [¶] Under section 17(b), the trial court is not required to grant this relief, even upon successful completion of probation. [Fn.] Nor does the fact the court was aware of the facts underlying the offense at the time it suspended imposition of sentence and granted probation transform discretionary relief into mandatory relief. The facts and circumstances of the offense remain a relevant consideration in the court's decision whether to grant the relief of section 17(b). Those circumstances are weighed against other circumstances, including defendant's conduct on probation, post-probation behavior, efforts at rehabilitation, and the longevity and duration of his or her rehabilitation. The balancing of these facts and circumstances is within the discretion of the trial court. Had the Legislature intended for the relief of section 17(b) to be mandatory under any circumstances, it would have made that intent plain in the statutory language. It did not, and we will not add such terms to the statute." (*Tran*, *supra*, 242 Cal.App.4th at p. 892.)

**Analysis**

### *Absence of a Complete Record on Appeal*

Our initial review of the case revealed the absence of a complete record on appeal.

6

We requested additional briefing from the parties on the issue of whether the absence of the reporter's transcript of earlier proceedings resulted in a record inadequate for appellate review. Counsel for Gomez responded by arguing that the record is complete because the trial court read portions of the prior transcript into the record. The Attorney General argued in her response that the record is incomplete and subject to summary affirmance. We agree with the Attorney General.

The judgment of the trial court is presumed to be correct and reversible error must be affirmatively shown. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "In numerous situations, appellate courts have refused to reach the merits of an appellant's claims because no reporter's transcript of a pertinent proceeding or a suitable substitute was provided. [Citations.]" (*Foust v. San Jose Const. Co., Inc.* (2011) 198 Cal.App.4th 181, 186.) The burden is on the appellant to provide an adequate record demonstrating reversible error, and failure to present an adequate record requires that the issue be resolved against the appellant. (*Id.* at p. 187; *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.)

Here, we are unable to determine the full content of the prior transcript referred to by the trial court in its ruling. We lack any formal record of any of the earlier proceedings in the case. There appears to be a factual dispute between Gomez and the prosecutor regarding the degree of violence inflicted on the victim, and without a complete record, we are unable to determine if the court abused its discretion in focusing on defendant's conduct as the determinative factor in denying reduction of the offense to a misdemeanor. Given the state of the record, we presume the trial court did not exercise its discretion in an arbitrary or capricious fashion.

### *The Contention Also Fails on the Merits*

Based on the record presented, Gomez has not demonstrated an abuse of discretion by the trial court. The court was well aware of the circumstances of the case, including that Gomez successfully completed probation and had no further violations of law. The

7

immigration consequences of a felony conviction were known to the court. But none of the circumstances mandated that the court grant the motion to reduce the conviction to a misdemeanor. (*Tran*, *supra*, 242 Cal.App.4th at p. 892.) The court was entitled to balance the reasons asserted in favor of the motion against the nature of the conduct resulting in the conviction. The record supports the conclusion that Gomez committed an unprovoked attack upon an unsuspecting victim with a metal pipe. Gomez was shown leniency at the time of the plea when he was allowed to plead no contest to a version of the charge that did not constitute a prior conviction under the three strikes law. The plea agreement did not include a provision promising a reduction of the offense to a misdemeanor if defendant successfully completed probation. The court could reasonably conclude that Gomez's conduct did not warrant a grant of leniency beyond that already given.

**DISPOSITION**

The order denying the motion under Penal Code section 17, subdivision (b)(3), is affirmed.

KRIEGLER, Acing P.J.

We concur:

BAKER, J.                                          RAPHAEL, J.*

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8