Filed 12/4/15 (unmodified opn. attached)

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C072368 |
| v. | (Super. Ct. No. 05F06545) |
| TUYEN TRAN, | ORDER MODIFYING OPINION |
| Defendant and Appellant. | [NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed on December 1, 2015, in the above cause be modified as follows:

On page 2, in the second paragraph, under the heading BACKGROUND, the citation (§ 245, subd. (a)(1)) is changed to read:  (former § 245, subd. (a)(1), Stats. 2004, ch. 494, § 1, pp. 4040-4041).

On page 6, in the first full paragraph, the citation (§ 245, subd. (a)(1).) is changed to read:  (Former § 245, subd. (a)(1), Stats. 2004, ch. 494, § 1, pp. 4040-4041.)

1

This modification does not change the judgment.



_____/s/_____
BLEASE, Acting P. J.



_____/s/_____
BUTZ, J.



_____/s/_____
HOCH, J.

<u>CERTIFIED</u> <u>FOR</u> <u>PARTIAL</u> <u>PUBLICATION</u>[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C072368 |
| v. | (Super. Ct. No. 05F06545) |
| TUYEN TRAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Kevin J. McCormick, Judge. Affirmed.

Michelle May, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, R. Todd Marshall and George M. Hendrickson, Deputy Attorneys General, for Plaintiff and Respondent.

---

[*] Pursuant to California Rules of Court, rules 8.1105 and 8.1110, this opinion is certified for publication with the exception of part IV.

Defendant Tuyen Tran appeals the trial court's denial of his motion to reduce his 2005 felony conviction for assault with force likely to produce great bodily injury to a misdemeanor. (Pen. Code, § 17, subd. (b)(5)[1] (Section 17(b)).) In summary, defendant contends (1) the trial court violated his due process rights by considering facts that were not elements of the charged offense and were not proven at trial; (2) the plea agreement itself provided the court would declare the offense a misdemeanor and barred the court from considering the facts underlying the offense in a motion to reduce; (3) having performed satisfactorily on probation, he was entitled to all statutory rehabilitation, including having the offense declared a misdemeanor; and (4) the trial court implicitly promised defendant in 2009 that it would grant defendant's next motion to reduce his felony to a misdemeanor. We conclude (1) the trial court properly considered the facts underlying the conviction in deciding whether to reduce defendant's felony conviction to a misdemeanor; (2) the plea agreement did not restrict the trial court's discretion and did not bar the court from considering the facts underlying the offense in a motion to reduce; (3) defendant was not entitled to have his felony conviction declared a misdemeanor upon successful completion of probation; and (4) the trial court did not promise it would grant defendant's next motion to reduce his felony to a misdemeanor. We conclude the trial court did not abuse its discretion and affirm the order denying defendant's section 17(b) motion.

BACKGROUND

In 2005, a complaint charged defendant with shooting at an inhabited dwelling. (§ 246.) He pled no contest to assault with force likely to produce great bodily injury (§ 245, subd. (a)(1)), a lesser related offense, and to being a misdemeanant in possession of a firearm (former § 12021, subd. (c); Stats. 2004 ch. 183, § 276, pp. 1303-1308;

---

[1]    Undesignated statutory references are to the Penal Code.

2

ch. 593, § 6, pp. 4465-4671). The plea contemplated both offenses were felonies, but neither was a strike offense. The prosecutor stated the factual basis for the plea was defendant "assaulted Nho [Dao] by means of force likely to produce great bodily injury."

The postplea and presentence probation report summarized the police report and indicated defendant and Dao had gotten into an argument. Defendant told Dao to meet him at a park in an hour. Defendant and his girlfriend then returned to his home. Dao knocked on defendant's front door. Defendant's girlfriend saw Dao standing on the front porch and called for defendant. As the girlfriend and two children walked toward the back of the house, she heard several gunshots from the front of the house. The girlfriend and defendant then drove to Dao's home. Defendant walked onto the front lawn, fired several rounds towards the front door, and fled. Dao was not home at the time, but three of his brothers were. Defendant declined to answer questions from the probation officer, but stated, "It won't happen again."

The trial court suspended imposition of sentence and granted defendant formal probation. In 2009, defendant filed a motion to terminate probation early (§ 1203.3, Stats. 2003, ch. 62, § 231, pp. 550-552; ch. 468, § 18, pp. 3373-3374), expunge his record[2] (§ 1203.4, Stats. 2008, ch. 94, § 1, pp. 285-287),[3] and reduce his offense from a

---

[2] A dismissal under section 1203.4 mitigates some of the consequences of a conviction. It " 'does not, properly speaking, "expunge" the prior conviction' " in that it "does not purport to render the conviction a legal nullity. Instead, it provides that, except as elsewhere stated, the defendant is released from all penalties and disabilities resulting from the offense.' " (*People v. Vasquez* (2001) 25 Cal.4th 1225, 1230.) With this understanding, for ease of reference we refer to it as an expungement.

[3] Section 1203.4, subdivision (a), provides: "In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if he or she is not then serving a sentence

3

felony to a misdemeanor (§ 17(b)). By the time of the hearing on the motions, defendant had successfully completed probation. The trial court denied the section 17(b) motion to reduce his felony conviction and the section 1203.4 motion to expunge his record. The trial court then stated its agreement with the prosecution that "the seriousness of the crime requires another year of staying out of trouble." Defense counsel argued the offense represented a period of aberrant behavior and defendant had turned his life around. The trial court responded, "Come back next year. We're going to deny you for now."

In 2010, defendant filed a second section 17(b) motion and section 1203.4 motion to expunge his record. The trial court granted defendant's motion to expunge his record under section 1203.4 and denied his request to reduce his conviction under section 17(b), because there is "[t]oo much shooting going on in Sacramento [C]ounty. I sign a ton of warrants for people getting shot at. Enough is enough."

In 2012, defendant filed another section 17(b) motion. Defense counsel noted defendant was not "convicted of shooting a gun. . . . It shouldn't be considered that serious at this point." Defense counsel also argued the trial court was prohibited from considering the probation report in evaluating defendant's motion, and was limited to the "four corners of the conviction." The trial court stated it should be able to evaluate the seriousness of the offense by reviewing the description provided in the probation report. The court noted this was a retaliatory shooting, in which defendant pursued Dao and shot multiple rounds into his home, not just a "run-of-the-mill assault with force likely to produce great bodily injury." Defense counsel continued to assert the trial court could

for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty . . . and . . . the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted."

4

consider the judgment and sentencing proceedings, and the factual basis of the plea, but not "the fact that [defendant] went and did the shooting, . . . because he wasn't convicted of that." In response to the trial court's request for any authority for defendant's position, defense counsel "couldn't find any specific case law" and stated the language is "pretty broad" for what the court can consider. The court continued to believe it was "incumbent upon the Court to consider the particularized facts of any situation evaluating a reduction to a section 17(b) misdemeanor based upon the particulars of the event. Because especially with a 245, the range of occurrences that lead to a charge with an assault with either force likely to produce or with a weapon or with a firearm is so broad you have to consider, in my belief, the particulars of the incident in evaluating whether reduction to a misdemeanor is appropriate." The trial court went on to state, "the Court is required, I believe, to consider all the facts and circumstances to get a broad picture of what occurred in determining whether such a reduction is appropriate or not. [¶] I disagree with you that I -- as to what it is I am allowed to consider. I think it's appropriate I consider facts and circumstances that are presented to me in this motion. I've been presented some through the probation report as to what occurred here. The plea reflects a conviction to a non-weapon offense, at least, in terms of the disposition that was arranged; but I don't think I'm limited to that in terms of evaluation [of a section 17(b)] motion." The trial court denied the section 17(b) motion.

DISCUSSION

I

*Section 17*

"The Legislature has classified most crimes as *either* a felony or a misdemeanor, by explicitly labeling the crime as such, or by the punishment prescribed." (*People v. Park* (2013) 56 Cal.4th 782, 789 (*Park*).) However, there is a special category of crimes that is punishable as either a felony or a misdemeanor, depending on the severity of the

5

facts surrounding its commission. (*People v. Superior Court (Perez)* (1995) 38 Cal.App.4th 347, 360, fn. 17.) These crimes, referred to as "wobblers," are "punishable either by a term in state prison or by imprisonment in county jail and/or by a fine." (*Park,* at p. 789.) The conduct underlying these offenses can vary widely in its level of seriousness. Accordingly, the Legislature has empowered the courts to decide, in each individual case, whether the crime should be classified as a felony or a misdemeanor. In making that determination, the court considers the facts surrounding the offense and the characteristics of the offender. (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 978 (*Alvarez*).)

" 'A wobbler offense charged as a felony is regarded as a felony for all purposes until imposition of sentence or judgment. [Citations.] If state prison is imposed, the offense remains a felony; if a misdemeanor sentence is imposed, the offense is thereafter deemed a misdemeanor. [Citations.]' " (*People v. Upsher* (2007) 155 Cal.App.4th 1311, 1320.) The trial court has discretion to "reduce a wobbler to a misdemeanor either by declaring the crime a misdemeanor at the time probation is granted or at a later time -- for example when the defendant has successfully completed probation." (*Park, supra*, 56 Cal.4th at p. 793; § 17(b)(3).) Assault by means of force likely to produce great bodily injury is a wobbler. (§ 245, subd. (a)(1).)

The purpose of the trial judge's sentencing discretion to downgrade certain felonies is to "impose a misdemeanor sentence in those cases in which the rehabilitation of the convicted defendant either does not require, or would be adversely affected by, incarceration in a state prison as a felon." (*In re Anderson* (1968) 69 Cal.2d 613, 664-665, conc. opn. of Tobriner, J.) The reduction of a wobbler to a misdemeanor is not based on the notion that a wobbler offense is "conceptually a misdemeanor." (*Necochea v. Superior Court* (1972) 23 Cal.App.3d 1012, 1016.) Rather, it is "intended to extend misdemeanant treatment to a potential felon" and "extend more lenient

treatment to an offender." (*Ibid.*) "When the court properly exercises its discretion to reduce a wobbler to a misdemeanor, it has found that felony punishment, and its consequences, are not appropriate for that particular defendant. [Citation.] Such a defendant is not blameless. But by virtue of the court's proper exercise of discretion, neither is such defendant a member of the class of criminals" convicted of an offense the Legislature intended to be subject to felony punishment. (*Park, supra,* 56 Cal.4th at pp. 801-802.)

## II

### *The Trial Court Properly Considered the Postplea Probation Report*

Defendant's arguments I through IV in the opening brief essentially come down to whether the trial court could rely on the postplea probation report to understand the facts and circumstances supporting defendant's conviction and exercise its discretion under section 17(b), or whether doing so improperly transformed his conviction from an assault likely to cause great bodily injury to an assault with a firearm.[4] Because these four

---

[4]    In argument I, defendant contends the trial court erred by denying the section 17(b) motion based on a theory defendant was convicted of a crime with which he was not charged, to which he did not plea, and for which he was not tried. He goes on to argue the court cannot permissibly consider postplea "sentencing facts" proffered on a conviction in a manner that requires changing the conviction to one for which there was no notice, plea, or trial. He also contends the trial court's belief the 2005 plea agreement did not have sufficient information within it to consider the section 17(b) motion did not justify rewriting the plea agreement.

In argument II, defendant contends the trial court could not consider the postplea probation report to change the nature of the crime to which he pled or otherwise increase the permissible penal consequences.

In argument III, defendant contends the trial court erred denying the section 17(b) motion on the theory defendant's conviction involved shooting, which was directly contrary to the terms of the plea that expressly precluded that conclusion.

7

claims all involve the same premise, we analyze and resolve them together.  We conclude, as with other discretionary sentencing decisions where the defendant has had an opportunity to review the postplea probation report and challenge its contents, including its statement of the facts and circumstances of the offense, the trial court is entitled to consider the information in that report in determining whether to reduce a felony conviction to a misdemeanor.  Contrary to defendant's arguments, considering the facts underlying the offense does not transform the offense for which defendant was convicted.  The facts underlying the offense are the same, regardless of the crime to which defendant agreed in the plea agreement.

One of the purposes of granting the trial court sentencing discretion under section 17(b) is to afford the sentencing court greater flexibility in tailoring the punishment to fit the crime and the offender, recognizing the same crime can deserve different types of punishment depending on the seriousness of the circumstances of its commission.  (See *People v. Smith* (1968) 259 Cal.App.2d 868, 873.)  Section 17(b), allows the trial court to determine the nature of such an offense at the time of sentencing or later, namely "on application of the defendant or probation officer" after the trial court has granted probation "without imposition of sentence."  (§ 17(b)(3).)  "[B]ecause each case is different, and should be treated accordingly, . . . we repose confidence in the discretion of the court to impose a sentence that is appropriate in light of *all* relevant circumstances."  (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1393, conc. opn. of Corrigan, J.)

---

In argument IV, defendant argues the denial of the section 17(b) motion is based on a theory defendant's crime of conviction, assault with force likely to produce great bodily injury, was also an assault with a firearm.  He contends there is no evidence in the postplea probation report of any crime of assault, let alone with a firearm.  He also contends the trial court "hybridized" defendant's plea, by fusing it with the postplea probation report evidence defendant shot a gun, thereby creating a fictional offense greater than the plea.

8

" 'To exercise the power of judicial discretion all the material facts in evidence must be both known and considered, together also with the legal principles essential to an informed, intelligent and just decision.' [Citation.]" (*In re Anderson, supra,* 69 Cal.2d at p. 666, conc. opn. of Tobriner, J.) "A court [has] broad discretion under [section 17(b)] in deciding whether to reduce a wobbler offense to a misdemeanor. ([*Alvarez*], *supra,* [14 Cal.4th] at p. 977.) We will not disturb the court's decision on appeal unless the party attacking the decision clearly shows the decision was irrational or arbitrary. (*Ibid.*) Absent such a showing, we presume the court acted to achieve legitimate sentencing objectives. (*Id.* at pp. 977-978.)" (*People v. Sy* (2014) 223 Cal.App.4th 44, 66.)

After noting there is "scant judicial authority explicating any criteria that inform the exercise of section 17(b) discretion," the Supreme Court went on to describe the criteria to be used: "However, since all discretionary authority is contextual, those factors that direct similar sentencing decisions are relevant, including 'the nature and circumstances of the offense, the defendant's appreciation of and attitude toward the offense, or his [or her] traits of character as evidenced by his [or her] behavior and demeanor at the trial.' [Citations.] When appropriate, judges should also consider the general objectives of sentencing such as those set forth in California Rules of Court, rule [4.]410. The corollary is that even under the broad authority conferred by section 17(b), a determination made outside the perimeters drawn by individualized consideration of the offense, the offender, and the public interest 'exceeds the bounds of reason.' [Citations.]" (*Alvarez, supra,* 14 Cal.4th at p. 978.)

Here, the trial court considered the postplea and presentence probation report in making its original discretionary sentencing choice, determining defendant's sentence, and granting him probation.[5] The report included information about the circumstances of

---

[5] "A probation report is required following every felony conviction in this state. [Citation.] [California Rules of Court, r]ule 4.411.5 details the contents of presentence

the crime, the same information defendant now claims should not have been considered by the court in making the subsequent discretionary sentencing choice under section 17(b). Defense counsel received the report prior to the original sentencing hearing and had an adequate opportunity to review it with defendant. Defendant had the opportunity to challenge the contents of the report, including the sheriff's report of the events that led to his conviction. He did not. Considering the circumstances of the crime in the original sentencing decision did not change the nature of the crime. Nor does consideration of those same facts in a section 17(b) motion to reduce a felony conviction to a misdemeanor transform the conviction.

As defendant notes, " 'Sentencing facts' such as aggravating and mitigating circumstances assist a judge in selecting from among the options of punishment" the conviction has made available. (*People v. Hernandez* (1988) 46 Cal.3d 194, 205 (*Hernandez*).) Under section 17(b), reducing a defendant's conviction from a felony to a misdemeanor is one of those available options. (See *People v. Smith, supra,* 259 Cal.App.2d at p. 873.) This exercise of discretion results in a reduction of defendant's punishment, and is an act of leniency by the trial court. (*Necochea v. Superior Court, supra,* 23 Cal.App.3d at p. 1016.)

---

reports, and contemplates that police reports will be used to prepare crime summaries contained therein. (Rule 4.411.5(a)(7)(i).) Defendants are required by statute to have an opportunity to review and challenge inaccuracies in the presentence report. [Citations.] [Defendant] does not contend he failed to receive such an opportunity in the underlying criminal prosecution. [¶] Superior courts consider and rely upon hearsay statements contained in a presentence report to determine whether to place a defendant on probation, and to evaluate his [or her] level of culpability when selecting an appropriate sentence. [Citations.]" (*People v. Otto* (2001) 26 Cal.4th 200, 212 (*Otto*).) "A sentencing judge 'may, consistently with the Due Process Clause of the Fourteenth Amendment, consider responsible unsworn or 'out-of-court' information relative to the circumstances of the crime and to the convicted person's life and characteristics.' [Citation.]" (*People v. Arbuckle* (1978) 22 Cal.3d 749, 754.) The court may also consider and rely upon hearsay statements contained in a probation report, including the police reports used to prepare the crime summaries contained in the report. (*Otto*, at p. 212.)

Defendant argues *People v. Trujillo* (2006) 40 Cal.4th 165 (*Trujillo*) supports his claim the probation report could not be considered by the trial court, as the court in *Trujillo* stated postplea probation reports "do not reflect the facts of the offense for which the defendant was convicted." (*Id.* at p. 179.) *Trujillo* does not assist defendant, as it deals with a different circumstance than the one at issue here.

*Trujillo, supra,* 40 Cal.4th 165 involved the prosecution's efforts to prove a prior conviction was a strike, an enhancement that serves to increase the defendant's sentence. In determining the truth of a prior strike allegation, proof of the prior offense is expressly limited to the prior record of conviction. (*People v. Guerrero* (1988) 44 Cal.3d 343, 345, 355.) The reason for this limitation is to "effectively bar[] the prosecution from relitigating the circumstances of a crime committed years ago and thereby threatening the defendant with harm akin to double jeopardy and denial of speedy trial." (*Ibid.*) In *Trujillo*, in the prior proceeding the defendant pled to inflicting corporal injury in violation of section 273.5, subdivision (a), which is not a serious or violent felony. In a postplea probation interview, the defendant admitted he used a knife, a fact that would elevate the underlying crime to a serious or violent felony. On appeal, the California Supreme Court affirmed the trial court's refusal to consider the defendant's statement. The court concluded that fact went beyond the record of conviction itself -- that is, it was error to consider facts outside of the record of conviction to further explain or amplify upon the nature of the underlying conduct. "[A] defendant's statements, made after a defendant's plea of guilty has been accepted, . . . are not part of the record of the prior conviction, because such statements do not 'reflect[] the facts of the offense for which the defendant was convicted.' [Citation.]" (*Trujillo, supra*, 40 Cal.4th at p. 179.) *Trujillo* reasoned, "[p]ermitting a defendant's statement made in a postconviction probation officer's report to be used against him [or her] to establish the nature of the conviction would present similar problems, creating harm akin to double jeopardy and forcing the

11

defendant to relitigate the circumstances of the crime." (*Id.* at p. 180.) By contrast, a reporter's "transcript of a preliminary hearing contains evidence that was admitted against the defendant and was available to the prosecution prior to the conviction. The transcript of a preliminary hearing, therefore, sheds light on the basis for the conviction." (*Ibid.*)

Defendant's reliance on *Hernandez, supra,* 46 Cal.3d 194 and *People v. Bryant* (1992) 10 Cal.App.4th 1584 (*Bryant*) to support his due process claims suffers a similar infirmity. In *Hernandez*, the defendant was convicted of rape, assault, and kidnapping. (*Hernandez,* at p. 199.) The Supreme Court held a sentencing court could not impose a three-year enhancement under section 667.8 (kidnapping for purposes of rape) when violation of that section was not pled or proven and was mentioned for the first time in the probation report. The court held a pleading and proof requirement should be implied as a matter of statutory interpretation and due process. (*Hernandez,* at p. 197.) The court also held section 667.8 was not merely a sentencing factor, it was an enhancement that required a specific mental state; a new fact not established by the defendant's conviction. (*Hernandez,* at pp. 204-207.) In *Bryant*, the court concluded the trial court had not obtained an adequate admission to the section 667.8 enhancement allegation; thus, it had not been properly proven. (*Bryant,* at pp. 1594-1595.) Both cases involved the establishment of facts necessary to impose an increased punishment, not the consideration of facts to reduce sentence.

Here, the prosecution is not attempting to prove an enhancement allegation to *increase* defendant's sentence. Rather, defendant is seeking leniency from the court to *reduce* his offense. "The withholding of a privilege not amounting to a constitutionally guaranteed right does not constitute punishment." (*People v. Johnson* (1955) 134 Cal.App.2d 140, 144.) Accordingly, there is no risk akin to double jeopardy or forcing defendant to relitigate the circumstances of the crime. Furthermore, in this case,

12

the statements being relied upon by the trial court are not defendant's postplea statements. Rather, it is a summary of the police report of the offense. It was available to the prosecution and the defense prior to the conviction; it therefore "sheds light on the basis for the conviction." (*Trujillo, supra,* 40 Cal.4th at p. 180.) "[I]nformation that comes to the court's attention after it has accepted a plea of guilty may be considered by the trial court in deciding such matters as whether to withdraw its prior approval of the plea (*People v. Johnson* (1974) 10 Cal.3d 868, 873) and, of course, *in determining the appropriate sentence*." (*Trujillo,* at p. 179, italics added.)

Nor does consideration of the probation report constitute a "rewriting" of the plea agreement. "When a defendant is convicted (whether by a guilty plea or a no contest plea, or at a trial) of a wobbler offense, and is granted probation without the imposition of a sentence, his or her offense is '*deemed* a felony' unless subsequently 'reduced to a misdemeanor by the sentencing court' pursuant to [section 17(b)]. [Citations.]" (*People v. Feyrer* (2010) 48 Cal.4th 426, 438-439 (*Feyrer*).)

Here, defendant pled to a felony, assault by means likely to cause great bodily injury. There is no mention of section 17(b) in the plea agreement. "[E]very term of a plea agreement should be stated on the record. [Citations.]" (*Feyrer, supra,* 48 Cal.4th at p. 437.) Based on the terms of the plea agreement, there is no indication the parties intended to abrogate the provisions of section 17(b) or other statutes applicable during (or upon the conclusion of) a successful term of probation. (*Feyrer,* at p. 437.) We will not add a term to the plea that was not expressly agreed to. Nor will we imply a term purporting to restrict the discretionary authority of the trial court. (See *ibid.*)

Defendant has offered no authority for his position that considering the facts and circumstances of an offense, as related in a probation report, somehow transforms the conviction itself or redefines the crime for which defendant has been convicted. Defendant has offered no cogent reason why the trial court should not have been able to

13

consider the crime summaries of the conduct supporting his conviction in determining whether to exercise its discretion under section 17(b). Just as it was appropriate for the trial court to consider the facts and circumstances of the offense in determining the appropriate sentence at the original sentencing hearing (*Otto, supra*, 26 Cal.4th at p. 212), it was appropriate to consider those same facts and circumstances of the offense in making subsequent discretionary sentencing choices.

III

### *Defendant Is Not Entitled to Section 17(b) Relief Because He Successfully Completed Probation*

Defendant next contends the trial court abused its discretion in denying his section 17(b) motion, because "an unsentenced 'wobbler' probationer who performs perfectly on probation is entitled to all statutory rehabilitation consistent with his plea agreement." Relatedly, he contends the trial court abused its discretion denying relief in this case "where the well-earned statutory incentive for rehabilitation under section 17(b)(3) was opposed and denied based on matters known to the court and prosecution at the time of the plea agreement and probation grant years earlier." We disagree with defendant that he is entitled to section 17(b) relief.

The trial court's ability to reduce a felony to a misdemeanor after probation has been granted serves as both a motivation and reward to a defendant to comply with probation conditions. (*Feyrer, supra,* 48 Cal.4th at pp. 439-440.) Section 17 is consistent with the probation statutes that "are intended to afford the defendant an opportunity to demonstrate his or her rehabilitation in order to obtain early termination of probation, reclassification of the offense, or dismissal of the action, and -- in certain cases -- all such forms of leniency." (*Feyrer,* at p. 440.) "[I]n conferring upon the court the power to declare an offense to be a misdemeanor after it has suspended imposition of judgment or sentence, the Legislature evidently intended to enable the court to reward a

14

convicted defendant who demonstrates by his [or her] conduct that he [or she] is rehabilitated." (*Meyer v. Superior Court* (1966) 247 Cal.App.2d 133, 140.)

A convicted defendant is not *entitled* to the benefits of section 17(b) as a matter of right. Rather, a reduction under section 17(b) is an act of leniency by the trial court, one that "may be granted by the court to a seemingly deserving defendant, whereby he [or she] may escape the extreme rigors of the penalty imposed by law for the offense of which he [or she] stands convicted." (*People v. Leach* (1937) 22 Cal.App.2d 525, 527.)

Under section 17(b), the trial court is not required to grant this relief, even upon successful completion of probation.[6] Nor does the fact the court was aware of the facts underlying the offense at the time it suspended imposition of sentence and granted probation transform discretionary relief into mandatory relief. The facts and circumstances of the offense remain a relevant consideration in the court's decision whether to grant the relief of section 17(b). Those circumstances are weighed against other circumstances, including defendant's conduct on probation, post-probation behavior, efforts at rehabilitation, and the longevity and duration of his or her rehabilitation. The balancing of these facts and circumstances is within the discretion of the trial court. Had the Legislature intended for the relief of section 17(b) to be mandatory under any circumstances, it would have made that intent plain in the statutory language. It did not, and we will not add such terms to the statute.

---

[6] The discretionary nature of the relief under section 17(b) stands in contrast to the relief available under section 1203.4. "Section 1203.4 provides that a defendant who 'has fulfilled the conditions of probation for the entire period of probation, *or* has been discharged prior to the termination of the period of probation' is entitled as a matter of right to have the plea or verdict changed to not guilty, to have the proceedings expunged from the record, and to have the accusations dismissed. [Citation.] If the petitioner establishes either of the necessary factual predicates, the trial court is *required* to grant the requested relief. [Citations.]" (*People v. Hawley* (1991) 228 Cal.App.3d 247, 249-250, fn. omitted.)

# IV

## *There Was No Implied Promise to Grant Defendant's Next Motion*

Defendant contends the trial court abused its discretion "by failing to honor its 2009 implied promise or representation that 'another year out of trouble' would result in the requested relief." We disagree with defendant's interpretation of the record.

Defendant had successfully completed probation by December 2009, and sought relief under both sections 1203.4 and 17(b). The trial court denied both motions. The court then went on to state it agreed with the probation officer and the district attorney that "the seriousness of the crime requires another year of staying out of trouble," and "[c]ome back next year. We're going to deny you for now." Defendant reads these statements as an implied promise "that if [defendant] stayed out of trouble for another year, the relief sought by trial counsel in his 2009 motion would be granted." He contends "the Government should not be in the business of leading people on, with promises or representations that lead to years of compliance from a private citizen but ultimately turn out to have been empty or meaningless."

In 2010, defendant filed another section 17(b) motion to reduce his felony conviction and another section 1203.4 motion to expunge his record. While the trial court granted defendant's motion to expunge his record, it denied defendant's motion to reduce his felony conviction to a misdemeanor.

Defendant asserts the trial court should have granted his section 17(b) motion based on its statements at the 2009 hearing. We do not view the court's statements at the 2009 hearing as a promise. The court issued an unqualified denial of defendant's section 17(b) motion. The court then indicated it would consider another motion from defendant after another year of good performance. There was no promise the motion would be granted. Rather, the court was setting a minimum time period before it would consider another section 17(b) motion and section 1203.4 motion.

16

We conclude the trial court's statements were not an implied promise that the trial court would grant defendant's section 17(b) motion in a year.

DISPOSITION

The order denying defendant's Penal Code section 17, subdivision (b) motion is affirmed.


_____/s/_____
HOCH, J.


We concur:


_____/s/_____
BLEASE, Acting P. J.


_____/s/_____
BUTZ, J.