Filed 5/2/22  P. v. Chambers CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM DAN CHAMBERS,<br><br>Defendant and Appellant. | C094244<br><br>(Super. Ct. Nos. 18CF01308, 18CF01854, 21CF00177) |

Defendant William Dan Chambers pleaded no contest to felony escape after the trial court denied his motion to reduce the charge to a misdemeanor.  He appeals the denial but did not obtain a certificate of probable cause.  We dismiss the appeal.

FACTS AND HISTORY OF THE PROCEEDINGS

In view of the limited issue raised on appeal, we provide a brief summary of relevant background.

1

While on probation for burglary and resisting an executive officer, defendant absconded from the sober living facility he was assigned to under a home detention program put in place pursuant to Penal Code section 1203.016. (Statutory section citations that follow are to the Penal Code.) He was found with a stolen aerosol can he used to "get high and relieve the pain."

Charged with felony escape (§ 4532, subd. (b)(1)), defendant moved to reduce the charge to a misdemeanor pursuant to section 17, subdivision (b). Defendant argued for leniency because his relapse was precipitated by a collapse in social services due to the COVID-19 pandemic. Additionally, he had not cut off his global positioning system anklet or attempted to flee when found. The prosecution countered that defendant had "a criminal history dating back to 1981 with felonies as recent as 2018," and that he was found on the run, nine days after leaving the facility. The court denied defendant's motion without explanation.

Defendant then pleaded no contest to felony escape. His plea agreement is memorialized on a standard form entitled, "PLEA OF GUILTY OR NO CONTEST (FELONY)." On the form, defendant initialed several statements, including that he (1) understood "a plea of no contest is the same as a plea of guilty in the criminal case and for all purposes has the same consequence as a plea of guilty," (2) would "waive any direct appeal [he] may have, absent any appeal to sentencing error," (3) could serve a maximum of three years in state prison and owe a fine of $27,000, and (4) understood his felony plea included certain consequences attendant to felony convictions, including parole upon release from prison and lifelong firearms restrictions. Defendant stipulated to the three-year upper term for the escape charge, as well as consecutive one-third the middle terms for the burglary and resisting charges, resulting in an aggregate sentence of four years and four months, which the court imposed.

Defendant filed a timely notice of appeal. He did not obtain a certificate of probable cause.

2

Defendant contends the court abused its discretion in denying his motion to reduce his escape charge to a misdemeanor, thereby depriving him of due process of law. We agree with the People's contention the appeal must be dismissed for lack of a certificate of probable cause.

Generally, "[a] felony is a crime that is punishable with death, by imprisonment in the state prison," while "[e]very other crime or public offense is a misdemeanor" to be served in county jail for a term of less than a year. (§ 17, subd. (a).) A "wobbler" is an offense that, in the court's discretion, is punishable as a felony or misdemeanor. (§ 17, subd. (b).) " 'When the court properly exercises its discretion to reduce a wobbler to a misdemeanor, it has found that felony punishment, and its consequences, are not appropriate for that particular defendant. [Citation.] Such a defendant is not blameless. But by virtue of the court's proper exercise of discretion, neither is such defendant a member of the class of criminals' convicted of an offense the Legislature intended to be subject to felony punishment. [Citation.]" (*People v. Tran* (2015) 242 Cal.App.4th 877, 886 (*Tran*).) Escape under section 4532, subdivision (b)(1) is a wobbler.

Without a certificate of probable cause, defendant's appeal from the judgment of conviction entered on his plea of no contest is limited to matters occurring after entry of the plea that do not affect its validity, a rule strictly enforced. (See § 1237.5; Cal. Rules of Court, rule 8.304(b); *People v. Mendez* (1999) 19 Cal.4th 1084, 1097-1099.) "A certificate of probable cause functions to discourage frivolous appeals following a guilty or no contest plea. It promotes judicial economy by screening out baseless post-plea appeals before time and money are spent on record preparation, briefing and appellate review. [Citation.]" (*People v. Stamps* (2020) 9 Cal.5th 685, 694.) "[A]n attack upon an integral part of the plea agreement 'is, in substance, a challenge to the validity of the plea . . . .' [Citation.]" (*People v. Johnson* (2009) 47 Cal.4th 668, 678-679.)

3

Here, defendant's challenge is to a ruling that was made before entry of his plea. Furthermore, the classification of his offense as a felony was integral to defendant's plea. When defendant entered his plea, he conclusively admitted he was guilty of a crime expressly designated as a felony. He stipulated to the felony conviction and to a specific sentence—three years in state prison—that attaches exclusively to a felony. Virtually every term of the plea agreement derives from the felony character of the conviction. His appeal is, in substance, a challenge to the validity of the plea.

Defendant argues his appeal "does not challenge the validity of his no contest plea" because he "will remain convicted of escape whether or not this Court concludes the trial court should have granted the motion to reduce the conviction to a misdemeanor." He cites *Tran, supra,* 242 Cal.App.4th 877 for the proposition that "a section 17, subdivision (b), motion does not transform the conviction." There, the defendant argued the trial court's reliance on a probation report in denying his section 17, subdivision (b) motion "improperly transformed his conviction from an assault likely to cause great bodily injury to an assault with a firearm." (*Id*. at p. 886, fn. omitted.)

This court concluded that "considering the facts underlying the offense does not transform the offense for which defendant was convicted" because the "facts underlying the offense are the same, regardless of the crime to which defendant agreed in the plea agreement." (*Id*. at p. 887.) A postplea challenge where the certificate of probable cause was not at issue, *Tran*—and the theory it rejected—is unhelpful to defendant's contention. His appeal from a *pre-plea ruling* declining to reduce one of the counts that he later admitted as a felony and for which a sentence was imposed *as part of the plea* is not cognizable without a certificate of probable cause.

Defendant's remaining arguments relating to fairness and judicial economy address "policy considerations . . . within the province of the Legislature." (*See's Candies, Inc. v. Superior Court of California for County of Los Angele*s (2021) 73 Cal.App.5th 66, 70.) Our high court advises that there is a "general 'legislative

4

command' " to apply section 1237.5 "in a strict manner" and to abandon the practice of considering "the peculiar facts of the individual appeal" in the interests of "judicial economy" or to avoid an inevitable collateral attack on the merits.  (*People v. Mendez, supra,* 19 Cal.4th at pp. 1097-1099.)

Accordingly, because defendant appeals from a judgment based on his plea of no contest and he failed to obtain a certificate of probable cause, we will dismiss the appeal.

<div align="center">DISPOSITION</div>

The appeal is dismissed.


<div style="margin-left:50%;">_____<br>HULL, Acting P. J.</div>


We concur:


_____
MAURO, J.


_____
DUARTE, J.

<div align="center">5</div>