Filed 6/13/23  P. v. Carrillo CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>FRANCISCO CARRILLO,<br><br>　　　Defendant and Appellant. | A165296<br><br>(Napa County<br>Super. Ct. No. 20CR002737) |

Defendant Francisco Carrillo appeals from a trial court order denying his motion to treat as a misdemeanor an offense of possession of ammunition by a prohibited person (ammunition offense) to which he pleaded guilty under a plea agreement.[1]  He claims the court abused its discretion in denying his motion.  We disagree and accordingly affirm.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

On October 27, 2020, Carrillo, who was 26-years old, was approached by a police officer who knew him from prior interactions.[2]  Carrillo had an

---

[1] The ammunition offense was brought under Penal Code section 30305, subdivision (a).  All statutory references are to the Penal Code unless otherwise specified.

[2] The parties stipulated to the factual basis of the plea, and the recited facts are taken from a probation report.

1

extensive criminal history, and the officer knew he was on probation. The officer asked to conduct a body search, and Carrillo consented. The search produced a plastic bag, which contained a glass pipe, and a single 12-gauge shotgun shell. Carrillo was prohibited from possessing ammunition as the result of prior felony convictions. He was charged with the ammunition offense and with possessing an injection or ingestion device.[3] The charges also sought to revoke his probation and his post-release community supervision (PRCS) which he was also serving as a result of an earlier offense.

A preliminary hearing was held in early 2021, and Carrillo asked the trial court to exercise its discretion under section 17, subdivision (b) (section 17(b)), and treat the ammunition offense as a misdemeanor. The court denied the motion. Carrillo subsequently pleaded no contest to the ammunition offense as a felony.

Before being sentenced, Carrillo was arrested and charged with misdemeanor theft (§ 488, subd. (a)) and misdemeanor resisting a peace officer (§ 148, subd. (a)(1)). The charges also sought to revoke his probation and his PRCS. Carrillo was returned to custody, but our record is unclear on how these charges were resolved.

The first sentencing on the ammunition offense occurred in September 2021. The trial court suspended imposition of the sentence, released Carrillo from custody for time served, and placed him on probation for two years.

About two weeks after he was released on probation, Carrillo was charged with felony battery with a serious bodily injury (§ 243, subd. (d)). The charges also sought to revoke his probation and his PRCS. The petition

---

[3] The latter charge was brought under Health & Safety Code, section 11364, subdivision (a).

2

to revoke probation alleged that Carrillo had engaged in an unlawful battery (§ 242) and had failed to submit to chemical testing. The trial court summarily revoked Carrillo's probation, but it shortly thereafter reinstated probation with additional terms.

In January 2022, Carrillo was again arrested. This time he was charged with resisting a peace officer (§ 148, subd. (a)). The charges once again sought to revoke his probation and his PRCS. After a hearing, the trial court sustained the probation violation and set the matter for another sentencing hearing.

Before the sentencing hearing, Carrillo filed another motion under section 17(b) asking the trial court to treat the ammunition offense as a misdemeanor and, "[i]f [n]ecessary," to reconsider its prior determination at the preliminary hearing that the offense was a felony. The court denied the motion, and proceeded with sentencing.

The trial court terminated Carrillo's probation, imposed the midterm authorized for the ammunition offense (two years in state prison), and ordered Carrillo to receive substance-abuse counseling or education. The court explained that the middle term was the presumptive term, and it understood that section 1170 mandates the imposition of the lower term when certain factors apply, such as if the defendant "was a youth . . . during the commission of the offense." The court found that none of these factors applied to the ammunition offense, although it found that the discovery of only a single shotgun shell was a mitigating circumstance.

## II.

### DISCUSSION

#### A. *The Trial Court Did Not Abuse Its Discretion in Declining to Treat the Ammunition offense as a Misdemeanor.*

A charge of possession of ammunition by a prohibited person is a "wobbler," meaning it is punishable as either a felony or misdemeanor. (§ 30305, subd. (a).) Under section 17(b), courts have discretion to treat a wobbler as either a felony or misdemeanor. Factors relevant in exercising such discretion include the circumstances of the offense, the defendant's appreciation of and attitude toward the offense, the defendant's character as evidenced by his or her behavior and demeanor at the trial, and the defendant's criminal history. (*People v. Mullins* (2018) 19 Cal.App.5th 594, 611; *People v. Alvarez* (1997) 14 Cal.4th 968, 979.) "Section 17(b) allows the trial court to determine the nature of such an offense at the time of sentencing or later, namely 'on application of the defendant or probation officer' after the trial court has granted probation 'without imposition of sentence.' (§ 17(b)(3).) '[B]ecause each case is different, and should be treated accordingly, . . . we repose confidence in the discretion of the court to impose a sentence that is appropriate in light of *all* relevant circumstances.' " (*People v. Tran* (2015) 242 Cal.App.4th 877, 887.)

An appellate court reviews a trial court's decision on how to treat a wobbler under an "extremely deferential and restrained" abuse of discretion standard. (*People v. Alvarez, supra,* 14 Cal.4th at p. 981.) The trial court "is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary." (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.) An appellate court will not disturb the trial court's decision unless it is clearly shown to be irrational or arbitrary. (*People v. Tran, supra,* 242 Cal.App.4th at p. 887.)

Carrillo advances two main arguments in challenging the trial court's denial of his request to have the possession charge treated as a misdemeanor. First, he points out that many of his prior offenses occurred before he was 26 years old, and he claims that the court disregarded recent legislation directing courts to be lenient when imposing sentences for crimes committed during a defendant's youth. Second, he contends that the court wrongly treated his recidivism as being singularly dispositive. We are not persuaded.

At the last sentencing hearing, the trial court stated it had reviewed the felony revocation report and had considered Carrillo's record. It noted that Carrillo had been convicted of four prior felonies in addition to various misdemeanors.[4] In its view, Carrillo's "four felony convictions alone with the misdemeanor convictions [were] enough to deny the 17(b) based on the record." Still, it found other and more specific factors to be relevant:

> "[I]t's pretty clear that Mr. Carrillo doesn't do very well on supervision by the Probation Department, or . . . Parole Department, as well. And has been sentenced to prison numerous times. Had [PRCS] violations, a number of them, a number of felony offenses. Continually.
>
> "And including, you know, violent offenses. I see a battery from 2021, which is just last year. And the court takes that into consideration. Under [California Rules of Court,] Rule 4.414 the court takes into consideration the criteria affecting probation, as well as looks at the record of violations in this case, and the frequency, and how close in time those violations occur from Mr. Carrillo getting released from custody or being placed into a program.

---

[4] Because Carrillo was a minor at the time of many of these offenses, we refrain from describing them in detail. Suffice it to say, and as the parties discuss in their briefs, the felonies included a 2013 conviction for carrying a loaded firearm in public, where the person is an active participant in a criminal street gang (§ 25850, subd. (c)(3)); a 2016 conviction for failure to stop at the scene of an injury accident (Veh. Code, § 20001, subd. (a)); and a 2016 conviction for assault with a deadly weapon or with force likely to produce great bodily injury by a prisoner (§ 4501, subd. (b)).

"It just doesn't fit well with Mr. Carrillo, in terms of having any kind of supervision. He's currently on [PRCS] in another case with this probation case. The court looks at the circumstances in aggravation, including that Mr. Carrillo has served a prior prison term, that he was on mandatory supervision and PRCS. And the number of petitions, I've already talked about those, including the conduct or the performance on probation and supervision.

"The court also looks at Rule 4.423, which the Probation Department didn't include. But the underlying offense itself, I do believe that those factors apply. In the sense that it talks about whether the defendant was [a] passive participant or played a minor role. I mean this was one shotgun shell, if I recall. One item of ammunition. That this type of offense can be committed in a much more significant manner."

Carrillo maintains that the trial court gave insufficient weight to the fact that his prior felonies were committed before he was 26. He argues that "section 17 cannot be considered in a vacuum" and its application should be guided by a 2022 amendment to section 1170, which added subdivision (b)(6)(B). (Senate Bill No. 567 (2021–2022 Reg. Sess. (Stats. 2021, ch. 731, § 1.3).) This provision states, "Notwithstanding paragraph (1), and unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense . . . (B) The person is a youth, or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense."

As we have discussed, the trial court expressly considered and applied this subdivision when it sentenced Carrillo to the two-year mid-term sentence for the ammunition offense. Nonetheless, Carrillo argues that the law more broadly requires courts to consider whether a defendant was a youth at the time of a prior offense if that offense is considered in relation to imposing a

sentence for a subsequent offense. According to him, "[i]f youth crimes are legally mitigated, such crimes cannot aggravate *de minimus* adult crimes."

We are unconvinced. Even assuming that section 1170, subdivision (b)(6)(B) bears on a court's consideration of whether to treat a wobbler—committed when the defendant was as an adult—as a felony due to prior youth offenses, the record here shows that the trial court was fully aware of and considered Carrillo's age when he committed his crimes. Carrillo has pointed to nothing in the record to suggest that the court ignored that his prior felonies occurred when he was a youth. Moreover, many of Carrillo's offenses, including the ammunition and subsequent offenses, occurred after Carrillo was 26 years old. We reject Carrillo's characterization of the repeated adult offenses as "de minimus."

We also reject Carrillo's argument that in denying his section 17(b) motion the trial court impermissibly relied on the 2013 conviction for being a gang member in possession of a firearm (§ 25850, subd. (c)(3)) because the law has "changed in [Carrillo]'s favor since his conviction in 2013." As Carrillo recognizes in his briefing, the trial court did *not* rely on the 2013 conviction, at least not to any consequential extent. As he concedes, the "court focused on [Carrillo]'s recidivism and inability to stay on probation" and "did not mention [the] 2013 conviction . . . specifically, let alone emphasize it as the main reason the trial court was denying the 17(b) motion."

Carrillo next contends that the trial court erred by relying on his recidivist status as "singularly dispositive." Again, we are unconvinced. Even assuming the questionable premise that courts cannot rely solely on a defendant's recidivism when considering a section 17(b) motion, the trial

court here plainly did not so rely in denying Carrillo's motion.[5]  The record shows the court took into account the seriousness and frequency of Carrillo's crimes, Carrillo's continued and repeated unlawful behavior as an adult, and Carrillo's failure to succeed while under non-custodial supervision.

In his reply brief, Carrillo argues for the first time that the trial court's denial of his request to treat the possession charge as a misdemeanor violated newly enacted section 17.2.  (Assem. Bill No. 2167 (2022–2023 Reg. Sess.) § 2, added September 29, 2022.)  This provision codifies a legislative intent for sentencing courts to "consider alternatives to incarceration and use least restrictive means available."  It states, "(a) It is the intent of the Legislature that the disposition of any criminal case use the least restrictive means available. [¶] (b) The court presiding over a criminal matter shall consider alternatives to incarceration, including, without limitation, collaborative justice court programs, diversion, restorative justice, and probation. [¶] (c) The court shall have the discretion to determine the appropriate sentence according to relevant statutes and the sentencing rules of the Judicial Council."

Carrillo's argument fails even if we assume both that he did not forfeit it and that section 17.2 is retroactive to nonfinal criminal cases under *In re Estrada* (1965) 63 Cal.2d 740.  For starters, the record clearly shows that the trial court *did* "consider alternatives to incarceration" by repeatedly placing Carrillo on probation and giving him opportunities to succeed under non-

---

[5] At oral argument Carrillo's counsel insisted that *People v. Alvarez, supra*, 14 Cal.4th 968, held that a trial court cannot rely exclusively on a defendant's recidivism as "singularly dispositive" (*id.* at p. 973) in deciding how to treat a wobbler under section 17(b).  We do not read *Alvarez* to have reached such a holding since in the same passage it also stressed courts' continuing "broad authority" under the statute (*ibid.*), although we need not and do not decide the question here.

custodial supervision.  Furthermore, Carrillo himself acknowledged that he had "been struggling on probation" and that "probation ha[d] never helped" him.  Recognizing this, he specifically asked to "get off probation and PRCS" and to "do extra time."  We reject Carrillo's appellate counsel's characterization of these comments as reflecting an inconsequential "lack of impulse control" on Carrillo's part.

Lastly, a remand under a newly enacted law giving trial courts new sentencing discretion is unnecessary when "the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)  Here, the record shows that the court would not have sentenced Carrillo any differently had section 17.2 been in effect at the time of sentencing.  The court carefully considered Carrillo's request to treat the ammunition offense as a misdemeanor, and Carrillo presents no reason for us to believe that the court abused its discretion or might reassess its decision in light of section 17.2.

## III.
### DISPOSITION

The trial court's order denying the section 17(b) motion is affirmed.

_____

Humes, P.J.


WE CONCUR:


_____

Margulies, J.


_____

Banke, J.


_People v. Carrillo_  A165296

10