Filed 12/16/24  P. v. Clark CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B333463 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA480456) |
| v. | |
| BOBBY CLARK, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Craig Elliott Veals, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant Bobby Clark appeals the judgment entered following a jury trial in which he was convicted of the felony of fleeing a pursuing peace officer's vehicle while driving recklessly, which is a wobbler offense (Veh. Code, § 2800.2). Appellant argues that the trial court abused its discretion in denying his motion to reduce his conviction to a misdemeanor (Pen. Code, § 17, subd. (b)).[1] We disagree and affirm.

## FACTS AND PROCEDURAL BACKGROUND

### I. Facts

At 11:15 p.m. on August 17, 2019, two officers on patrol saw a BMW sedan drive slowly through a Starbucks parking lot. The windows were illegally tinted. The officers ran a search of the license plate and found that the registration was suspended. The officers then "initiated a traffic stop."

They approached appellant's parked car from both sides, but the car's windows remained closed, and the window tint prevented the officers from seeing inside. The officer at the driver's side repeatedly told appellant to roll down his window. Appellant did not comply and indicated that his window on that side did not roll down. He eventually rolled down the back passenger's side window two inches. The officer on the passenger's side noticed the smell of burnt marijuana coming from the car and saw a gun between the center console and appellant's leg. The officers told appellant to "step out of the car" "more than ten times," but he refused, and the officers called for a backup unit. Appellant rolled up the window, started his car, and drove away. The officers and the backup unit they had called then pursued appellant in a dangerous four-mile chase through

---

[1] Undesignated statutory references are to the Penal Code.

2

traffic, during which appellant sped over twice the limit and committed "more than a dozen" traffic violations that resulted in near collisions.

After losing sight of appellant's car, officers eventually located it nearby. They searched it but did not find a gun.

## II. Procedure

In an information filed February 14, 2020, the People charged appellant with "fleeing a pursuing peace officer's motor vehicle while driving recklessly, . . . a felony" (Veh. Code, § 2800.2). The People further alleged he had served time in prison and suffered a prior strike (Pen. Code, §§ 667.5, subd. (b), 1170.12).

The first jury trial, at which appellant testified, resulted in a mistrial.

In the second trial, appellant testified to significant facts he did not mention in the first. He testified that upon initiating the traffic stop, one of the officers "hopped out of his car, gun in hand," and said " 'get the fuck out of the car.' " He also testified that he repeatedly asked one officer to turn his body camera on, and that one officer tried to calm the other officer down during the interaction. Appellant claimed that he fled the officers because he feared for his life. His testimony, however, conflicted with the officers' testimony as well as the body camera footage showing appellant calmy ask the approaching officer, "How you doing, sir?"

A jury found appellant guilty as charged on June 8, 2023.

Appellant requested that the trial court reduce the conviction to a misdemeanor under section 17, subdivision (b), or, in the alternative, for the court to strike his prior strike under section 1385, subdivision (a). At the sentencing hearing, defense

counsel drew the court's attention to the fact that appellant's prior robbery conviction occurred 13 years ago, when he was 18 years old, and that appellant's son had recently died. The court denied the motion to reduce the felony to a misdemeanor, but granted appellant's request to strike his prior strike. Appellant was placed on probation for two years with a suspended 180-day jail sentence.

Appellant filed a timely notice of appeal.

## DISCUSSION

Appellant argues that the trial court erred in denying his motion to reduce his felony conviction to a misdemeanor under section 17, subdivision (b). We review the denial of the motion for abuse of discretion. (*People* v. *Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 980 (*Alvarez*).) To show an abuse of discretion, an appellant must show the trial court's decision fell outside the bounds of reason, i.e., that it was arbitrary, capricious, or patently absurd. (*People v. Thai* (2023) 90 Cal.App.5th 427, 433; *People v. Johnson* (2022) 12 Cal.5th 544, 605 ["A merely debatable ruling cannot be deemed an abuse of discretion"]; *People v. Carmony* (2004) 33 Cal.4th 367, 376–377.)

## I.    Pertinent Law

Although most crimes fall into one category, felony or misdemeanor, some crimes—called "wobblers"—are punishable as either, depending on the severity of the surrounding facts. (*People v. Tran* (2015) 242 Cal.App.4th 877, 885 (*Tran*).) A wobbler offense charged as a felony is a felony for all purposes until the imposition of the sentence. (*Id*. at p. 886.) The trial court has discretion to reduce a wobbler offense from a felony to a misdemeanor upon imposing a punishment other than state prison (Pen. Code, § 17, subd. (b)(1)) or by declaring it a

4

misdemeanor after granting probation (Pen. Code, § 17, subd. (b)(3)). (*Alvarez, supra,* 14 Cal.4th at p. 974.) Fleeing a peace officer's pursuit while driving recklessly (Veh. Code, § 2800.2) is a wobbler offense. (*People v. Statum* (2002) 28 Cal.4th 682, 685.)

In deciding whether to reduce a felony conviction to a misdemeanor, courts consider such factors as " 'the nature and circumstances of the offense, the defendant's appreciation of and attitude toward the offense, or his traits of character as evidenced by his behavior and demeanor at the trial.' " (*Alvarez, supra,* 14 Cal.4th at p. 978.) " 'When appropriate, judges should also consider the general objectives of sentencing such as those set forth in California Rules of Court, rule [4.]410.' " (*Tran, supra,* 242 Cal.App.4th at p. 888.) Those objectives include: protecting society, punishing the defendant, encouraging the defendant to lead a law-abiding life, and deterring others from criminal conduct. (Cal. Rules of Court, rule 4.410.)

## II. The Trial Court Did Not Abuse Its Discretion

The trial court acted well within reason in denying appellant's motion to reduce his conviction to a misdemeanor. Although it saw fit to strike appellant's prior strike, given that this offense was "not quite or even nearly as aggravated as some [strike] cases can be," it also acknowledged that appellant had a criminal history and that his fast and reckless driving posed a serious danger, making it "fortuitous[] no one was injured." It observed that the way appellant pulled out during the traffic stop was "almost even casual," and that his "driving off like that . . . afford[ed] him an opportunity to discard a gun if, in fact, there was one in the car."

5

To justify his fleeing, appellant also fabricated events in the second trial by testifying that one officer initiated the traffic stop holding a gun and yelling at him. Such "behavior and demeanor" does not reflect a character meriting the court's favorable exercise of discretion. In sum, " 'the nature and circumstances of the offense,' " appellant's " 'appreciation of and attitude toward the offense,' " and " 'his . . . character as evidenced by his behavior and demeanor at the trial' " all show that the court's decision was reasonable, and not arbitrary or capricious. (*Alvarez*, *supra*, 14 Cal.4th at p. 978.)

Appellant argues that his youth when he was convicted of robbery at age 18, and certain facts underlying this offense, including that no one was injured and that appellant was not aggressive toward the officers, "weighed in favor of reducing [his] convictions to misdemeanors." This argument ignores the fact that our task is not to " ' " 'substitut[e] [our] judgment for the judgment of the trial judge,' " ' " but rather to determine whether the lower court's decision was "so irrational or arbitrary that no reasonable person could agree with it." (*People* v. *Carmony*, *supra*, 33 Cal.4th at p. 377; *People v. Giminez* (1975) 14 Cal.3d 68, 72.) We conclude it was not.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED.

LUI, P. J.

We concur:

ASHMANN-GERST, J.

CHAVEZ, J.

7