Filed 1/22/26  P. v. Cruz CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G065199 |
| v. | (Super. Ct. No. 15WF0271) |
| ADAN V. CRUZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a post-conviction order of the Superior Court of Orange County, Claudia Alvarez, Judge. Affirmed.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Adan V. Cruz appeals the denial of his post-conviction motion to reduce his felony offense to a misdemeanor under Penal Code[1] section 17. After examining the record, his appointed appellate counsel filed a brief setting forth the facts of the case, raising no issues, and asking this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). Cruz has not filed a supplemental brief. After independently reviewing the record, we affirm the order.

## FACTS

In 2014, Cruz (then age 31) had sex with a 16-year-old family friend. He pleaded guilty to a felony count of violating section 261.5 (unlawful sexual intercourse with a minor), and the trial court sentenced him to three years of probation.

A violation of section 261.5 is a "wobbler" offense, punishable as either a felony or a misdemeanor. (*Id.*, subd. (c).) In 2022, Cruz moved to reduce the offense to a misdemeanor and for a dismissal. (§§ 17, subd. (b)(3), 1203.4.) Finding Cruz had complied with the terms of his probation, the trial court (the Honorable Julian W. Bailey, presiding) granted his motion to dismiss.[2] However, the court denied his motion to reduce the offense without prejudice. Reasoning Cruz had "violated a position of trust" by having sex with a teenage family friend, the court was "not comfortable" reducing the

---

[1] All further statutory references are to this code.

[2] "A dismissal under section 1203.4 mitigates some of the consequences of a conviction" but does not "'render the conviction a legal nullity.'" (*People v. Tran* (2015) 242 Cal.App.4th 877, 883, fn.2.)

plea at present but noted Cruz could renew his motion in "another year or so."

Two years later, Cruz filed a renewed motion to reduce under section 17. The trial court (the Honorable Claudia Alvarez, presiding) denied his motion without prejudice, expressing concern that Cruz had abused his position of trust and engaged in victim-blaming.

## DISCUSSION

Cruz filed a notice of appeal, and this court appointed counsel to represent him. After examining the record, counsel filed a brief raising no issues but asking this court to independently review the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders, supra*, 386 U.S. 738. This court gave Cruz 30 days to submit a supplemental brief raising any argument he wished this court to consider. We received no response.

To assist this court with its independent review, Cruz's appellate counsel identified the following issue that might arguably support an appeal: whether the trial court abused its discretion in denying Cruz's motion to reduce his offense to a misdemeanor. We discern no error; the court acted within its discretion in denying his motion. (See *People v. Tran*, *supra,* 242 Cal.App.4th at p. 887 [appellate court will not disturb trial court's exercise of its broad discretion in deciding whether to reduce wobbler to misdemeanor unless decision was irrational or arbitrary].)

Further, we have reviewed the information counsel provided and have independently examined the record. We found no arguable issues. (*Wende, supra*, 25 Cal.3d 436.)

3

## DISPOSITION

The post-conviction order is affirmed.

SCOTT, J.

WE CONCUR:

MOORE, ACTING P. J.

GOODING, J.